331 A.2d 184

**FLIGHTWAYS CORP., Appellant,**

v.

**KEYSTONE HELICOPTER CORP.**

Supreme Court of Pennsylvania.
Argued May 3, 1974.
Decided Jan. 27, 1975.

John M. Phelan, Philadelphia, for appellant.

Richard H. Elliott, W. C. Hogg, Jr., Peter O. Clauss, Doris Benson, Clark, Ladner, Fortenbaugh & Young, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

The parties to this litigation are also parties to an agreement relative to the furnishing of helicopter shuttle and charter services. The contract includes an arbitration clause, which is as follows:

"Any controversy or claim arising out of or relating to this Agreement, or the alleged breach thereof, except where other relief is more appropriate in connection with a breach of Section VIII hereof [not here applicable], shall be settled by arbitration in Philadelphia in accordance with the Rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrators may be entered in any Court having jurisdiction thereof."

Disputes having arisen, appellee invoked arbitration. Appellant thereupon brought the present suit in equity. The complaint sought a cancellation of the agreement and an award of damages on the ground of fraudulent inducement in various respects, and mutual mistakes of fact in others; it sought also an injunction against the proposed arbitration on the ground that a viable arbitration clause is an impossibility when it is contained in an agreement which is vitiated for fraud.

The Chancellor sustained preliminary objections which challeged the jurisdiction of equity in the circumstances, and directed the parties to proceed to arbitration. This appeal followed.[1] We will affirm.

By now it has become well established that "[s]ettlement of disputes by arbitration are no longer deemed contrary to public policy. In fact, our statutes encourage arbitration and with our dockets crowded and

---

1. Act of July 31, 1970, P.L. 673, No. 223, Art. II, § 202(4), 17 P.S. § 211.202(4) (Supp.1974).

in some jurisdictions congested, arbitration is favored by the courts." *Mendelson v. Shrager*, 432 Pa. 383, 385, 248 A.2d 234, 235 (1968). When one party to an agreement to arbitrate seeks to enjoin the other from proceeding to arbitration, judicial inquiry is limited to the questions of whether an agreement to arbitrate was entered into and whether the dispute involved falls within the scope of the arbitration provision. *Borough of Ambridge Water Authority v. J. Z. Columbia*, Pa., 328 A.2d 498 [1974]. Thus a party who can establish that he did not agree to arbitrate, or that the agreement to arbitrate, limited in scope, did not embrace the disputes in issue, may be entitled to enjoin an arbitration proceeding. *See Westmoreland Hospital Association v. Westmoreland Construction Company*, 423 Pa. 255, 223 A.2d 681 (1966); *Emmaus Municipal Authority v. Eltz*, 416 Pa. 123, 204 A.2d 926 (1964); *Goldstein v. International Ladies' Garment Worker's Union*, 328 Pa. 385, 196 A. 43 (1938). Here, however, there is no question but that the appellant is a party to an agreement to arbitration of "[a]ny controversy or claim arising out of or relating to this Agreement, or the alleged breach thereof." Broader language would be difficult to contrive. It cannot be circumvented by an allegation that the contract was void ab initio because of fraud in the inducement or mutual mistake. As the Court of Appeals for the Third Circuit accurately surmised in *Merritt-Chapman & Scott Corp. v. Pennsylvania Turnpike Commission*, 387 F.2d 768 (3d Cir. 1967), we are satisfied with the soundness of the federal rule under the United States Arbitration Act of 1925 as established by the Supreme Court of the United States, viz., "that a general attack on a contract for fraud is to be decided under the applicable arbitration provision as a severable part of the contract and that only where the claim of fraud in the inducement goes specifically to the arbitration provision itself should it be adjudicated by the court rather than the arbitrator", 387

**664**

F.2d at 771. *Prima Paint Corporation v. Flood & Conklin Manufacturing Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967).[2]

The Chancellor was correct in sustaining the objection to the exercise of equity jurisdiction under the facts of this case. We therefore affirm the decree; costs on appellant.

JONES, C. J., dissents.

**2.** *See* and *compare Borough of Ambridge Water Authority v. J. Z. Columbia, supra,* (alleged lack of capacity to enter into the principal contract held insufficient ground to enjoin an arbitration); *Allstate Insurance Company v. McMonagle,* 449 Pa. 362, 296 A.2d 738 (1972), (question of whether the principal contract had expired held to be one for arbitration); and *Merchant's Mutual Insurance Company v. American Arbitration Association,* 433 Pa. 250, 248 A.2d 842 (1969), (bar of the statute of limitations to a claim under an insurance policy held insufficient basis to enjoin arbitration).