333 A.2d 184

**MUHLENBERG TOWNSHIP SCHOOL DISTRICT AUTHORITY, Appellant,**

**v.**

**PENNSYLVANIA FORTUNATO CONSTRUCTION CO.**

**PENNSYLVANIA FORTUNATO CONSTRUCTION CO.**

**v.**

**MUHLENBERG TOWNSHIP SCHOOL DISTRICT AUTHORITY, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 11, 1974.

Decided Feb. 28, 1975.

262

Raymond C. Schlegel, Francis F. Seidel, III, Balmer, Mogel, Speidel, & Roland, Reading, for appellant.

Kenneth M. Cushman, Bruce W. Ficken, Philadelphia, David M. Kozloff, Reading, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

The basic question for decision in these appeals is whether certain disputes which have arisen under a construction contract between the parties are to be submitted to arbitration, or must be ligitated. The lower court held that the contract required arbitration, and we affirm.

Procedurally the point at issue was raised in the trial court in two ways. The first was by a complaint in equity by the appellant, Muhlenberg Township School District Authority (herein "the Authority") seek-

ing to enjoin appellee construction company (herein "the contractor") from seeking arbitration with respect to the matters in dispute on the ground that they were not arbitrable under the contract. To this the contractor filed preliminary objections, one of which was in the nature of a demurrer. While these were pending, the contractor also filed a petition under the Act of April 25, 1927, P.L. 381, § 3, 5 P.S. § 163 (1963) to compel arbitration, to which an answer was duly filed by the Authority. The two matters were consolidated for argument, following which the trial court entered, in the equity suit, a decree sustaining the preliminary objections in the nature of a demurrer and dismissing the complaint, and, in the law action, an order making absolute a rule to show cause why arbitration should not be carried out in accordance with the provisions of the Act of 1927.[1] By a later order the court consolidated the records in the two proceedings for the purposes of this appeal. As the court in its opinion correctly observed, either both orders were correct or both were in error, since the central issue in both proceedings was whether arbitration could be compelled. As did the trial court, we also therefore treat the two cases as one on these appeals.[2]

1. The parties agree that if arbitration of any of the matters in dispute is to be had, the same should proceed under the Act of 1927. Section 16 of the Act of 1927 provides that the provisions of the Act "shall apply to any written contract to which the Commonwealth of Pennsylvania, or any agency or subdivision thereof, or any municipal corporation or political division of the Commonwealth shall be a party." 5 P.S. § 176 (1963). The Authority is an agency of the Commonwealth, *Commonwealth v. Erie Met. Transit Auth.*, 444 Pa. 345, 348, 281 A.2d 882 (1971); *Whitemarsh Township Auth. v. Elwert*, 413 Pa. 329, 332, 196 A.2d 843 (1964).

2. This Court has appellant jurisdiction of the appeal from the decree dismissing the suit in equity by virtue of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, Art. I, § 202(4), 17 P.S. § 211.202(4) (Supp.1974). Appellate jurisdiction of the order compelling arbitration under the Act of 1927, however, is in the Superior Court. *Id.* § 302, 17 P.S. § 211.-302 (Supp.1974). The appellee has made no objection to the jurisdiction, however, and because of the identity of the issue in-

Turning to the contract, the first two sections of Article 22 provide as follows:

"1. Should either party to this Contract suffer damage in any manner because of any wrongful act or neglect of the other party or of anyone employed by him, then he shall be reimbursed by the other party for such damages.

"2. Claims under this clause shall be made in writing to the party liable within a reasonable time at the first observance of such damage and not later than the time of final payment, except as expressly stipulated otherwise in the case of faulty work or materials, and shall be adjusted by agreement or arbitration." [3]

Interpreting these sections, the court en banc below made the following observations in its opinion, with which we agree: "The Authority contends this language applies only to incidents involving injury to persons or property. We are satisfied that such is not the case. To 'suffer damage in any manner' in our opinion is all inclusive and the provision: 'Claims . . . shall be adjusted by agreement or arbitration' means all claims. Our conclusion would certainly appear to be correct when one considers the words 'except as expressly stipulated otherwise in the case of faulty work or materials.' The inclusion of these words in our opinion is a sufficient answer to the Authority's contention that the arbitration procedure applies only to personal or property injury claims." We add that we find no basis for the suggestion by appellant that the monetary magnitude of the matters raised is an indication that they were not intended to be arbitrated.

volved in the two cases no purpose would be served by a transfer of the latter appeal to the Superior Court; we therefore retain jurisdiction. *See id.* § 503(a), 17 P.S. § 211.503(a).

3. The procedures agreed to for the conduct of arbitration are contained in Article 47 of the contract, the title to which is "Arbitration".

██ The Authority also asserts that even if the contractor's claims are arbitrable, the demand for arbitration came too late under the governing terms of the contract. But as we recently said in *Flightways Corporation v. Keystone Helicopter Corp.*, 459 Pa. 660, 331 A. 2d 184 (1975), "[w]hen one party to an agreement to arbitrate seeks to enjoin the other from proceeding to arbitration, judicial inquiry is limited to the questions of whether an agreement to arbitrate was entered into and whether the dispute involved falls within the scope of the arbitration provision." See also *Borough of Ambridge Water Authority v. Columbia,* —— Pa. ——, 328 A.2d 498 (1974). The question whether the contractor's demand for arbitration was timely is one of interpretation of the agreement and not one of the existence or scope of the arbitration provision; it is thus outside the bounds of our review and its resolution must be left to arbitration.

The decree and order appealed from are affirmed. Costs in No. 270 to be borne by appellant.