333 A.2d 781
INDEPENDENCE DEVELOPMENT, INC., et al., Appellees,

v.

AMERICAN ARBITRATION ASSOCIATION
and Lieberman, Inc., Appellant.

Supreme Court of Pennsylvania.

Argued Nov. 20, 1974.

Decided March 18, 1975.

Richard H. Elliott, Doris Benson, Clark, Ladner, Fortenbaugh & Young, Philadelphia, for appellant.

John Philip Diefenderfer, Stuckert, Yates & Krewson, Newtown, for appellees.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

On June 2, 1970, Lieberman, Inc. [Lieberman] entered into a stock purchase option agreement with independence Development, Inc. [Independence] and Middletown Commons, Inc. [Middletown].[1] Lieberman was a licensed real estate broker and the agreement, which designated Lieberman as the "Buyer",[2] set forth that Lieberman was acting as agent for an undisclosed principal and authorized Lieberman to assign its interest under the agreement. The agreement further provided that certain real estate commissions, due upon the exercise of the option, were to be divided between Lieberman and Fred L. Herrmann, Inc. [Herrmann] agent for the sellers.

In due course, Lieberman elected to exercise the option and then assigned its rights thereunder to the un-

---

1. The agreement, in effect, granted Lieberman an option to purchase certain parcels of land owned by Independence and Middletown.

2. Independence and Middletown were designated as the "Sellers".

disclosed principal. However, the real estate commissions due in accordance with the contract were not paid. On January 20, 1972, Lieberman filed a notice of demand for arbitration with the American Arbitration Association of Philadelphia, charging that Independence and Middletown had failed to and refused to pay the real estate commissions due it.[3] Independence and Middletown then filed a complaint in equity in the Court of Common Pleas of Bucks County asking that Lieberman be enjoined from seeking arbitration on the ground that arbitration was not an available form of relief. After a hearing, the chancellor entered a decree nisi granting the requested injunction. Exceptions thereto were later dismissed by a court en banc, and the decree nisi was made a final decree. This appeal ensued.

Whenever one party to an agreement seeks to enjoin the other from proceeding to arbitration, judicial inquiry is limited to two questions: (1) Was an agreement to arbitrate entered into; and (2) Does the dispute involved fall within the arbitration clause. *Borough of Ambridge Water Authority v. J. Z. Columbia*, — Pa. —, 328 A.2d 498 (1974). Instantly, there does exist an agreement to arbitrate "[a]ny controversy between Buyer and Sellers with respect to this Agreement."[4] Nevertheless, Independence and Middletown contend the matter in dispute, broker's commissions, was not intended to be embraced within the arbitration provision. They claim that Lieberman, in earning broker's commissions,

3. Lieberman sought $19,718 plus interest.

4. Article 12.8 of the agreement reads as follows:
 "12.8 *Arbitration* Any controversy between Buyer and Sellers with respect to this Agreement shall be settled by arbitration to be held in the City of Philadelphia, Pennsylvania, before a single arbitrator appointed by the Philadelphia Office of the American Arbitration Association. The decision of the arbitrator shall be final and binding upon Buyer and Sellers, both as to law and to fact and shall not be appealable to any Court in any jurisdiction. The expenses of the arbitration shall be shared equally by Buyer and Sellers."

was not acting as a "Buyer" and, therefore, may not invoke the arbitration clause.

Lieberman's claim for broker's commissions arises from Section 12.4 of the agreement which provides:

"12.4 *Brokers* It is understood that Lieberman, Inc. is acting as Agent for an undisclosed principal; and that if the within option is exercised, Fred H. Herrmann, Inc. agrees to divide equally with Lieberman, Inc., as a cooperating broker, a 6% commission on the gross purchase price, which commission is to be paid by the Sellers."

Independence and Middletown deem it significant that, while the term "Buyer" is used throughout the agreement to identify Lieberman, Section 12.4 avoids the term completely and names Lieberman specifically. They argue this demonstrates an intent to omit all disputes concerning broker's commissions from the arbitration process. We agree.

The arbitration clause, herein involved, is not "framed in the broadest conceivable language from which it must be concluded that the parties intended the scope of the submission to be unlimited." *Borough of Ambridge Water Authority v. J. Z. Columbia,* supra. See also *Flightways Corporation v. Keystone Helicopter Corporation,* 459 Pa. 660, 331 A.2d 184 (1975). Only those controversies arising "between Buyer and Sellers with respect to this Agreement" were intended to be submitted to arbitration. Implicit is the recognition that not all controversies arising under the agreement were to be settled through the arbitration process. Broader language could have been utilized if such were the intentions of the parties. We believe the instant dispute concerning broker's commissions represents such an exclusion.

As noted by the chancellor, Section 12.4 deals with the usual concerns of brokers, rather than with the usual concerns of buyers. Section 12.4, in fact, represents an

agreement between Lieberman and Herrmann to divide commissions and only peripherally involves Independence and Middletown. The parties apparently recognized that Section 12.4 encompassed matters outside the buyer-seller relationship and, rather than identifying Lieberman as the "Buyer", referred to Lieberman by name. In so doing, the parties intended that Lieberman not be regarded in Section 12.4 as the "Buyer", thereby excluding that provision from the arbitration process.

Decree affirmed. Costs on Lieberman.

JONES, C. J., did not participate in the consideration or decision of this case.

ROBERTS and POMEROY, JJ., filed a dissenting opinion.

ROBERTS and POMEROY, Justices (dissenting).

We dissent. In our view, a fair reading of the contract indicates that the parties agreed to submit all disputes "with respect to [the] Agreement" to arbitration. We can find no basis for concluding that they intended to artificially divide their obligations under the agreement into those assumed in their capacities as "Buyer" and "Seller" and those assumed in some other capacity.