344 A.2d 477
ALLENTOWN SUPPLY CORPORATION, Appellant,

v.

HAMBURG MUNICIPAL AUTHORITY.

Supreme Court of Pennsylvania.

Argued May 3, 1974.

Decided Oct. 3, 1975.

168

James D. Crawford, Stanley E. Zimmerman, Schnader, Harrison, Segal & Lewis, Philadelphia, for appellant.

Donald F. Spang, Russell G. Weidner, Merkel, Spang & Weidner, Reading, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

The appellant, the Allentown Supply Corporation [hereinafter the Supply Corporation], and the Hamburg Municipal Authority [hereinafter the Authority], are parties to a contract, under the terms of which the Supply Corporation agreed to perform the mechanical and plumbing work in connection with a project for the expansion and improvement of the Authority's sewage treatment plant and pump station. The contract contains an arbitration provision which in relevant part provides as follows:

"Should any dispute arise between the Owner and any Contractor with whom a contract has been entered into pursuant to these contract documents, where [sic] as to the interpretation of the contract documents or otherwise as to the rights and responsibilities of the parties under the contract, and the parties are unable to resolve the same otherwise, such disput[e] shall be subject to arbitration in accordance with Act of the General Assembly of the Commonwealth of Pennsylvania approved April 25, 1927, P.L. 381 (No. 248), as

amended, 5 P.S. SS 161 et seq." [The arbitration clause goes on to provide for manner of selection of arbitrators and other procedural matters in connection with the arbitration proceedings].

A dispute having arisen as to whether the Supply Corporation was obligated by the contract to purchase and install an aerated grit chamber, the Authority sought arbitration pursuant to the above quoted provision. The Supply Corporation then brought this suit in equity seeking to enjoin the arbitration. The Authority responded with preliminary objections in the nature of a demurrer. The chancellor sustained the demurrer and this appeal followed.[1]

"When one party to an agreement to arbitrate seeks to enjoin the other from proceeding to arbitration, judicial inquiry is limited to the questions of whether an agreement to arbitrate was entered into and whether the dispute involved falls within the scope of the arbitration provision." *Flightways Corporation v. Keystone Helicopter Corp.,* 459 Pa. 660, 663, 331 A.2d 184, 185 (1975); see *Independence Development Corp. v. American Arbitration Assoc. and Lieberman, Inc.,* 460 Pa. 390, 333 A. 2d 781 (1975); *Muhlenberg Township School District Authority v. Pennsylvania Fortunato Construction Co.,* 460 Pa. 269, 333 A.2d 184 (1975); *Borough of Ambridge Water Authority v. J. Z. Columbia,* 458 Pa. 546, 328 A.2d 498 (1974). In the instant case, the Supply Corporation does not question that the parties agreed to arbitrate "any dispute . . . as to the interpretation of the contract documents or otherwise as to the rights and responsibilities of the parties under the contract." It contends, however, that this language does not encompass the subject matter of the parties' disagreement. It is argued that the contract contains no undertaking by appellant to furnish grit removal equipment and therefore

1. Act of July 31, 1970, P.L. 673, No. 223, art. II, § 202(4), 17 P.S. § 211.202(4) (Supp.1975).

that any dispute as to whether appellant is obligated to install such equipment is not a dispute "under the contract" and hence is outside the scope of the arbitration provision. This argument must be rejected.

Whether appellant is or is not obligated to furnish grit removal equipment is obviously a question of the nature and scope of its responsibilities under the contract, the resolution of which requires interpretation of the language of the contract. This is so whether the pertinent contract language is clear and precise or is obscure and ambiguous. The possibility that the meaning of the contract is as pellucid as appellant claims it to be does not eliminate the need for an authoritative determination of the matter once a dispute has arisen; interpretation is no less interpretation because it may prove simple. Under the arbitration clause here involved, however, that interpretation is for the board of arbitrators, not the courts.[2]

Decree affirmed. Costs on appellant.

**2.** Under the Act of 1927, Act of April 25, 1927, P.L. 381, No. 248, § 1 *et seq.*, 5 P.S. § 161 *et seq.*, which the contract stipulates shall govern the arbitration provided for therein, awards may be vacated, modified or corrected by a court of common pleas under certain circumstances. See §§ 10 and 11 of the Act, 5 P.S. 170, 171. From such an order, or from a judgment entered upon an award, an appeal may be taken. § 15 of the Act, as amended, 5 P.S. § 175. See *Pennsylvania Turnpike Commission v. Sanders & Thomas, Inc.*, 461 Pa. 420, 336 A.2d 609 (1975).