353 A.2d 368

Lester KARDON et al., Appellees,

v.

Salvatore PORTARE, Appellant,
and
American Arbitration Association.

Supreme Court of Pennsylvania.

Argued Oct. 23, 1975.

Decided March 17, 1976.

Bernard J. Avellino, M. M. Westerman, Philadelphia, for appellant.

Blank, Rome, Klaus & Comisky, Goncer M. Krestal, William E. Taylor, III, Alan C. Gershenson, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

MANDERINO, Justice.

In June of 1972, appellant, Salvatore Portare, was discharged from his employment at Kardon Industries, Inc., and advised that his share of a certain profit sharing

plan was being forfeited. Such forfeiture was permissible under the plan if the employee was discharged for:

" . . . dishonesty, disclosing trade secrets, gross insubordination, gross inefficiency, commission of a felony, or any wilful act committed with the intent of injuring [the company] . . ."

Relying on provisions of the profit sharing trust agreement in effect at the time, appellant filed a demand for arbitration with the American Arbitration Association in December of 1973. The appellees, who are the trustees of the profit sharing trust, then filed a complaint in equity seeking to enjoin the arbitration sought by the appellant. Appellant filed preliminary objections in the nature of a motion to dismiss for lack of jurisdiction. This motion was denied, the trial court holding that equity had jurisdiction to determine the dispute between the parties. This appeal followed.

The profit sharing trust agreement provides that one alleged to have forfeited his rights to any of the trust funds shall have the right to have the matter of forfeiture presented to a review committee within ten days of the date of discharge. After the review committee acts, a right of appeal to the American Arbitration Association within ten days is given. The relevant provisions of the profit sharing trust agreement read as follows:

"(1) Any member discharged for any one or more of the reasons set forth in the foregoing paragraph shall have the right to have the matter of such forfeiture presented to the Review Committee upon written notice to the Trustees within ten (10) days of discharge. Such discharged member and Company, or either of them, shall have the right to appeal to the American Arbitration Association from any decision rendered by the Review Committee upon written notice to Trustees within ten (10) days after the date of the decision of the Review Committee. If the American Arbitration Association, or Review Committee, if there is no ap-

peal therefrom, shall determine that such discharged member shall not forfeit his benefits in the Trust, then such member shall receive the same benefits as an employee who is discharged without cause.

(2) The decision of the American Arbitration Association rendered in accordance with the foregoing shall be final, binding and conclusive upon all parties, and judgment upon the award rendered may be entered in any court of competent jurisdiction. In the event that no appeal is taken thereto, the decision of the Review Committee shall be final, binding and conclusive upon all parties."

See also *Chester City Sch. Auth. v. Abernathaw Const. Co.*, 460 Pa. 343, 333 A.2d 758 (1975) ; *Borough of Ambridge Water Authority v. Columbia*, 458 Pa. 546, 328 A.2d 498 (1974).

The parties agree that the profit sharing trust agreement gives the American Arbitration Association subject matter jurisdiction to determine whether an employee should forfeit benefits due from the plan. The parties disagree, however, as to whether the American Arbitration Association is authorized to determine whether the appellant has filed a proper and timely appeal to that Association. There is a factual dispute between the parties as to whether or not the appellant complied with the procedural requirements of the trust agreement. Appellant contends that he complied with all provisions that were not waived by the appellees. The appellees contend that appellant did not comply, and that the provisions were not waived.

In *Flightways Corp. v. Keystone Helicopter Corp.*, 459 Pa. 660, 331 A.2d 184, 185 (1975), we said:

"When one party to an agreement to arbitrate seeks to enjoin the other from proceeding to arbitration, judicial inquiry is limited to the questions of whether an agreement to arbitrate was entered into and whether

the dispute involved falls within the scope of the arbitration provision. (Citation omitted). Thus a party who can establish that he did not agree to arbitrate, or that the agreement to arbitrate, limited in scope, did not embrace the disputes in issue, may be entitled to enjoin an arbitration proceeding."

Appellees contend that the issue of whether a proper and timely appeal was filed with the American Arbitration Association, does not fall within the scope of the arbitration provision in the agreement. In essence, appellees argue that the arbitration provision in the trust agreement, which admittedly gives jurisdiction to the American Arbitration Association to decide substantive issues concerning forfeiture of benefits, should not be read to give jurisdiction to decide procedural disputes even though the subject matter remains the forfeiture of benefits. We cannot accept such a distinction.

Appellees correctly point out that in *Flightways Corp. v. Keystone Helicopter Corp.*, 459 Pa. 660, 331 A. 2d 184 (1975), we acknowledged that the scope of an arbitrator's jurisdiction may be limited. In the agreement before us, however, we find no such limitation on the scope of the arbitrator's jurisdiction. The agreement does not specify that the arbitrator shall have no jurisdiction over procedural matters dealing with forfeiture of benefits disputes, and we will not impose such a limitation where none exists in the agreement.

We agree with what was said in *Wiley & Sons v. Livingston*, 376 U.S. 543, 557, 84 S.Ct. 909, 918, 11 L. Ed.2d 898, 909 (1964):

"Once it is determined . . . that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator."

Since the trust agreement vested the American Arbitration Association with jurisdiction over the subject matter of forfeiture of trust rights, we conclude that it is the proper tribunal to determine all disputes concerning that subject matter. The trial court therefore erred in deciding the procedural dispute between the parties. The appellant's preliminary objection requesting dismissal of the appellees' complaint for lack of jurisdiction should have been granted.

Decree vacated, and the matter remanded with instructions that appellant's preliminary objections be granted and the appellees' complaint dismissed with prejudice. Each party to pay own costs.

JONES, C. J., dissents.