378 A.2d 911

**Leonard E. WOLF**

v.

**Martin BALTIMORE and American Arbitration Association.**

**Appeal of Martin BALTIMORE.**

Superior Court of Pennsylvania.

Argued Dec. 7, 1976.

Decided Oct. 6, 1977.

Perry J. Shertz and Donald H. Brobet, Wilkes-Barre, with them Rosenn, Jenkins & Greenwald, Wilkes-Barre, for appellant.

Howard A. Berman, Wilkes-Barre, for appellee.

Before WATKINS, President Judge and JACOBS, HOFF-MAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from an order of the Court of Common Pleas of Luzerne County, sitting in equity, which granted a preliminary injunction enjoining the arbitration of a dispute between the parties.[1]

Appellant, Martin Baltimore, and appellee, Leonard Wolf, have been partners in a general insurance agency since 1956. In 1968, the parties entered into a written partnership agreement, which provided that the partnership was to continue for an indefinite time until "terminated as herein provided, or as may be mutually agreed upon." The agreement included a broad common law arbitration clause providing for arbitration of disputes between the parties by the

---

1. Interlocutory orders granting a preliminary or special injunction are appealable to the Superior Court as of right by virtue of the Act of February 14, 1866, P.L. 28 § 1, 12 P.S. § 1101 (Supp.1977) and Pa.R.A.P., Rule 701.

American Arbitration Association.  On September 5, 1975, Baltimore filed a demand for arbitration with the American Arbitration Association seeking dissolution of the partnership and equal distribution of the assets of the partnership. The basis on which this relief was sought was an allegation that the relationship between the partners had so far deteriorated it was adversely affecting the business.  At the first arbitration hearing on June 15, 1976, Wolf objected to the jurisdiction of the arbitrators arguing this dispute was not arbitrable under the agreement.  Although the arbitrators decided the dispute was arbitrable, they nevertheless granted Wolf a continuance to allow the court of common pleas to determine the arbitrability of the dispute.  On June 18, 1976 Wolf filed a complaint in equity requesting preliminary injunctive relief.  After the submission of briefs and oral argument, the court below granted a preliminary injunction on June 22, 1976, and Baltimore appealed that decision.

To receive the benefit of a preliminary injunction the plaintiff must demonstrate prima facie that his right to relief is clear, his need for relief is immediate, and his remedy at law, if any, is inadequate. *Safeguard Mut. Ins. Co. v. Williams,* 463 Pa. 567, 345 A.2d 664 (1975); *Roberts v. School Dist. of Scranton,* 462 Pa. 464, 341 A.2d 475 (1975). The scope of our review of preliminary injunctions on appeal is limited to whether there were any apparently reasonable grounds for the action of the court below. *Milk Marketing Bd. of Commonwealth v. United Dairy Farm Coop. Ass'n,* 450 Pa. 497, 299 A.2d 191 (1973).  Only if no grounds exist to support the decree, so that the court's ruling was palpably erroneous or a misapplication of the law, will an appellate court disturb the decision of a court of equity. *Roberts v. School District of Scranton,* supra; *Credit Alliance Corp. v. Philadelphia Minit-man Car Wash Corp.,* 450 Pa. 367, 301 A.2d 816 (1973).  Despite our applying these principles of limited review in the instant case, we conclude that the order of the court below granting the preliminary injunction must be reversed.

As mentioned above, the first prerequisite Mr. Wolf must demonstrate is a clear right to enjoin the arbitra-

234

tion and have the court determine the partnership dispute. Since arbitration is a matter of contract, absent an agreement between the parties to arbitrate, the parties cannot be compelled to arbitrate any issue. *Lincoln Sys. of Educ. v. Lincoln Ass'n of Univ. Professors,* 467 Pa. 112, 354 A.2d 576 (1976); *Schollhammer's Hatboro Manor, Inc. v. Local Jt. Exec. Bd. of Philadelphia,* 426 Pa. 53, 231 A.2d 160 (1967). Where, as here, the parties agree they are bound by a valid agreement to arbitrate, when one party seeks to enjoin the other from proceeding to arbitration, judicial inquiry is limited to the question of whether the dispute involved falls within the arbitration clause. *Independence Development, Inc. v. American Arbitration Ass'n,* 460 Pa. 390, 333 A.2d 781 (1975). Thus, a party may be entitled to an injunction if he can establish that, although he did agree to arbitrate, the agreement to arbitrate was limited and did not embrace the dispute in issue. *Flightways Corp. v. Keystone Helicopter Corp.,* 459 Pa. 660, 331 A.2d 184 (1975). But, to be consistent with the general policy favoring the arbitration of contractual differences, an order enjoining arbitration of a particular grievance should not be granted unless it can be said with positive assurance that the agreement involved is not susceptible of an interpretation that covers the asserted dispute. *Lincoln Sys. of Educ. v. Lincoln Ass'n of Univ. Professors,* 467 Pa. 112, 354 A.2d 576 (1976). We find that under any reasonable interpretation of the instant agreement it cannot be said with positive assurance that the present dispute does not fall within the arbitration clause.

The arbitration clause in the partnership agreement provides that:

"Any controversy or claim arising out of or relating to this agreement or the breach thereof, shall be settled by arbitration in accordance with the rules then obtaining of the American Arbitration Association . . . ."

This is a broad arbitration clause; indeed, broader language would be hard to conceive. *Flightways Corp. v. Keystone Helicopter Corp.,* supra. Disputes concerning the dissolution of the partnership are not specifically excluded;

in fact, one of the main purposes of the partnership agreement is to determine in several different situations when dissolution occurs and how the assets are to be distributed. Therefore, a dispute between the partners questioning the legality of one partner dissolving the partnership relates to the agreement or the breach thereof. With the inclusion of the arbitration clause, the parties have provided that a dispute as to the construction of the agreement shall be arbitrated. Whether one partner can dissolve without a breach of the agreement requires the construction of the agreement. A claim by one partner that the conduct of the other had adversely affected the business relates to the agreement insofar as it may be a breach of the agreement. Therefore, a clear right to injunctive relief cannot be shown since the breadth of the arbitration clause precludes a reasonable interpretation that excludes the instant dispute.

■ Furthermore, Wolf did not show immediate and irreparable injury would occur for which there is no adequate remedy at law if an injunction did not issue. Even if the court could enjoin arbitration of the dissolution of the partnership, the court could not enjoin the dissolution [2] by one partner. Under the Uniform Partnership Act, 59 P.S. § 93:

"Dissolution is caused:

(1) Without violation of the agreement between the partners;

(b) by the express will of any partner where no definite term or particular undertaking is specified.

(2) In contravention of the agreement of the partners, where the circumstances do not permit a dissolution under any other provision of this section, by the express will of any partner at any time . . . ."

■ In the event it is found that a partner dissolved wrongfully in violation of the agreement, the partner who has not dissolved wrongfully has the right to damages for

2. "The dissolution of a partnership is the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on, as distinguished from the winding up, of the business." Uniform Partnership Act, Act of March 26, 1915, P.L. 18, part. VI § 29, 59 P.S. § 91.

breach of the agreement. See Uniform Partnership Act, 59 P.S. 100(2)(a)(II), *Girard Bank v. Haley,* 460 Pa. 237, 332 A.2d 443 (1975). Thus, the injured partner has an adequate remedy at law.

Since Wolf did not demonstrate the existence of the essential prerequisites, the court below should not have granted the preliminary injunction. The granting of the preliminary injunction will be reversed and the arbitration permitted to proceed.[3]

For the foregoing reasons the order of the court below granting the preliminary injunction is reversed.

SPAETH, J., files a concurring opinion.

SPAETH, Judge, concurring:

I concur on the ground that under the partnership agreement the partners are obliged to effect dissolution through arbitration. This being so, the arbitrators have jurisdiction, and the question of irreparable damage does not arise, for one may not claim that harm may flow from compliance with one's agreement.

3. In view of the disposition on appellant's first contention, it is not necessary to reach the question of whether the preliminary injunction should be reversed for appellee's failure to fully comply with Pa.R.C.P. 1531(b) requiring security be filed before a preliminary injunction is granted.