## Zanella v. Lybarger

*Gary Kalmeyer,* for plaintiff.
*David B. Fawcett III,* for defendant.

WETTICK, *A.J.*, September 8, 1986 — Plaintiffs brought this action to modify or rescind a December 4, 1979, agreement of purchase and sale between plaintiffs and defendants on the ground that the agreement was fraudulently induced. Defendants have filed a petition to stay this proceeding pending common law arbitration. 42 Pa.C.S. §7304; *Donegal Mutual Insurance Co. v. Stern,* 133 P.L.J. 158 (1985). Defendants base their petition on the following arbitration clause contained in the December 4, 1979, agreement of purchase and sale:

"Any controversy or claim arising out of or relating to this agreement, or the breach thereof, shall be settled by arbitration in Pittsburgh, Pa., in accordance with the rules of the American Arbitration Association for Commercial Arbitration, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof."

For two reasons, plaintiffs contend they are entitled to have their claim to modify or rescind the December 4, 1979, agreement decided through court proceedings rather than through common law arbitration. First, plaintiffs contend that if the contract was fraudulently induced, none of its provisions, including the arbitration clause, should be enforced. Otherwise, a court would improperly be giving validity to fraudulent misconduct. Second, plaintiffs contend that the arbitration clause was intended to cover only disputes arising out of the performance of the contract. According to plaintiffs, the parties did not intend for questions concerning the validity of the entire contract to be resolved through arbitration.

Plaintiffs' contention that a court should not enforce an arbitration clause in a contract when a party claims that the entire contract was fraudulently induced was rejected by the Pennsylvania Supreme

Court in *Flightways Corp. v. Keystone Helicopter Corp.*, 459 Pa. 660, 331 A.2d 184 (1975). In that case, plaintiff filed an action in equity to cancel an agreement on the ground of fraudulent inducement and mutual mistakes of fact. The lower court stayed the proceedings and directed the parties to proceed to arbitration pursuant to an arbitration clause contained within the contract. The Supreme Court affirmed the lower-court decision, holding that an arbitration clause "cannot be circumvented by an allegation that the contract was void ab initio because of fraud in the inducement or mutual mistake." 331 A.2d at 185. Also see *Stateside Machinery Co., Ltd. v. Alperin*, 591 F.2d 234 (3rd Cir., 1979).

Plaintiffs' second argument that the arbitration clause in the December 4, 1979, contract was not intended to cover a claim to rescind or modify the contract on the basis of fraud is also without merit because the arbitration clause covers "any controversy or claim arising out of or relating to this agreement." In *Borough of Ambridge Water Authority v. Columbia*, 458 Pa. 546, 328 A.2d 498 (1974), the Pennsylvania Supreme Court rejected the argument that an identically worded arbitration clause did not cover a dispute going to the validity of the contract, holding that, "Paragraph 17 is framed in the broadest conceivable language from which it must be concluded that the parties intended the scope of the submission to be unlimited." 328 A.2d at 501. Consequently, we hold that the arbitration clause in the December 4, 1979, agreement covers a claim that the contract should be modified or rescinded on the ground of fraudulent inducement.

Finally, plaintiffs cannot avoid the case law holding that a court shall enforce an arbitration clause where a party challenges the validity of the entire

contract on the ground of fraud by alleging that this fraud also served as a basis for plaintiffs' agreeing to the arbitration clause or by alleging that plaintiffs never assumed that there would be fraud in the inducement of the contract and intended only to arbitrate disputes arising out of the contract. Such a result would render meaningless the Supreme Court decision in *Flightways Corporation v. Keystone Helicopter Corp., supra.* See *Schneider Inc. v. Research-Cottrell Inc.,* 474 F. Supp. 1179 (W.D., Pa., 1979); *Stateside Machinery Co., Ltd. v. Alperin, supra.*

For these reasons, we enter the following

## ORDER

On this September 8, 1986, it is hereby ordered that defendants' request to stay the proceedings are granted and these proceedings are stayed until any arbitration proceedings instituted to resolve plaintiffs' claim are completed.