558 A.2d 886

**Lillian M. ANDERSON and Charles H. Anderson, Administrators of the Estate of Rose Marie Anderson, Appellees,**

v.

**The ERIE INSURANCE GROUP, Appellant.**

Superior Court of Pennsylvania.

Argued March 29, 1989.

Filed May 17, 1989.

388

Margaret A. Wurzer, Philadelphia, for appellant.

Albert P. Massey, Jr., Paoli, for appellees.

Before MONTEMURO, TAMILIA and MONTGOMERY, JJ.

MONTEMURO, Judge:

This is an appeal, timely filed by The Erie Insurance Group, from the July 12, 1988, Order of the Court of Common Pleas of Chester County, wherein the court granted appellees' motion for judgment on the pleadings. Appellees are Lillian M. Anderson and Charles H. Anderson, Administrators of the Estate of Rose Marie Anderson.[1] In *Groff v. Pete Kingsley Building Inc.*, 374 Pa.Super. 377, 543 A.2d 128 (1988), this Court stated:

A trial court, in granting judgment on the pleadings, must confine its considerations to the pleadings and relevant documents properly before it. *Del Quadro v. City of Philadelphia*, 293 Pa.Super. 173, 437 A.2d 1262 (1981). Judgment on the pleadings is appropriate only when no material facts are in dispute. *Vogel v. Berkley*, 354 Pa.Super. 291, 511 A.2d 878 (1986). "In reviewing the court's decision, we must determine if the action of the court was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury. The decision will be affirmed only in cases which are clear and free from doubt." *Id.* at 296, 511 A.2d at 880 (citations omitted)....

*Id.*, 374 Pa.Superior Ct. at 382, 543 A.2d at 130. Following a careful review of the record before us and the arguments advanced by the parties, we affirm.

In August of 1987, appellees filed a petition for the appointment of an arbitrator. In this petition, appellees alleged that Rose Anderson had died as a result of injuries she sustained while occupying an automobile insured by

1. Robert A. Majors, represented by counsel different from counsel for the Estate of Rose Anderson, has filed a brief with this Court, designating himself as an additional appellee. Although Majors filed pleadings in the trial court similar to those filed by the Estate of Rose Anderson, designed to compel Erie to proceed to arbitration, Majors did not file a motion for judgment on the pleadings. The July 12, 1988, Order of the Court of Common Pleas, which is the subject of this appeal, was entered in response to a motion filed solely by the Estate of Rose Anderson. Consequently, Majors is not properly a party before this Court, and we will not consider his appellate brief.

Erie. Appellees claimed that the fatal accident had been caused by the negligent acts of an uninsured motorist:

6. Plaintiffs and defendants have been unable to agree as to the amount of money to which plaintiffs are entitled under the Uninsured Motorist provisions of the [Erie] policy.

7. The [Erie] policy provides that if the parties are unable to agree as to the amount of money to which plaintiffs are entitled, either party may make a written demand for arbitration in which each party will select an Arbitrator and the two Arbitrators will select a third.

8. By letter dated the 24th day of March, 1987, petitioners counsel notified the Erie Insurance Group that they had chosen their arbitrator and requested that respondent do likewise.

9. As of the date of this petition, respondent has failed to appoint its arbitrator....

R.R. at 49a.

Erie responded to the petition to compel arbitration by raising a number of issues which Erie believed prevented the trial court from ordering the parties to proceed to arbitration. Erie admitted that it had issued an insurance policy on a vehicle involved in the automobile accident which caused the death of Rose Anderson. However, Erie maintained that the entire insurance policy was null and void because of the alleged fraud or misrepresentation of the named insured, Betty Jean Tackett. *Id.* at 54a. Erie claimed that Betty Jean Tackett had secured the insurance policy in her name, to cover a 1984 Oldsmobile Firenza, but that this automobile was actually owned, garaged, maintained and operated by Robert Majors.

As a second issue, Erie claimed that, even if the insurance policy was not void, the Estate of Rose Marie Anderson could not recover under the policy because Rose Marie was not covered under the terms of Erie's insurance policy: she was not a named insured, a relative of the named insured, nor was she "occupying" the insured vehicle at the time of the accident. Erie attached a letter it had written to its

named insured, Betty Jean Tackett, wherein it quoted from what is apparently Erie's uninsured motorist benefits provision:[2]

The word "Occupying" is described in the "FPB Endorsement" Definitions as:

"occupying" means in or upon, getting into or getting out of.

Putting this all together, we find that neither Robert Majors nor Rose Anderson are an Insured or named Insured under the policy, nor were they occupying a motor vehicle at the time of the accident.

Under Uninsured Motorists Benefits,

OUR PROMISE—UNINSURED MOTORISTS COVERAGE

We will pay damages that the law entitles you or your legal representative to recover from the driver or owner of an uninsured motor vehicle. Damages must result from an accident arising out of the maintenance or use of the uninsured motor vehicle. Damages must involve bodily injury; meaning physical harm, sickness, disease or resultant death. We will not be bound by a judgment against the uninsured on the issues of liability or the amount of damages unless it is obtained with our written consent.

We previously have described the words *YOU* and *YOUR* in this letter.

OTHERS WE PROTECT

(1) Any relative.

**2.** The appellees have emphasized, in their brief to this Court and by way of a motion to strike portions of the Reproduced Record which was prepared and filed by Erie, that Erie has included in the Reproduced Record items which were not a part of the trial court record. One of these items is a copy of an Erie Uninsured/Underinsured Motorist Coverage agreement. R.R. at 171a–172a. Counsel for Erie is admonished that only matters actually of record may properly be placed in the Reproduced Record in an appeal. *See Matson v. Housing Authority of Pittsburgh*, 326 Pa.Super. 109, 473 A.2d 632 (1984). This principle is firmly settled in appellate practice, and we are unable to comprehend why counsel for Erie has disregarded it. We have confined our review to matters included in the trial court's record.

(2) Anyone else, while occupying any auto we insure....

R.R. at 41a. Erie alleged in its answer to the petition to compel arbitration that Rose Marie Anderson was a pedestrian, having exited the insured vehicle along with Robert Majors, who had been driving the car. It is Erie's position that both Robert Majors and Rose Marie Anderson were struck by an uninsured motorist only after they had ceased to "occupy" the vehicle insured by Erie through its named insured, Betty Jean Tackett.

Finally, Erie contends that the arbitration agreement, which applies to uninsured motorist benefits, is inapplicable under the circumstances of the case at bar. The parties do not dispute that the arbitration agreement applies to claims arising from the maintenance or use of an uninsured motor vehicle and involving bodily injury or death, nor do they dispute the specific language of the arbitration agreement:

Disagreement over the legal right to recover damages or the amount of damages will be settled by arbitration....

Brief for Appellees at 20. However, Erie reads this provision as limiting arbitration to issues concerning the claimant's right to recover damages which have resulted from the acts of an uninsured motorist and the amount of such damages, thus excluding the arbitration of questions of fraud, the issue of "occupation" of the insured vehicle, and whether other insurers should be held liable for uninsured motorist benefits. Brief for Appellant at 46.

In its Order of July 12, 1988, the trial court states that its order, compelling arbitration, is based upon its conclusion that "[w]hether Plaintiffs should be afforded rights or benefits under the policy of insurance is clearly a question which the policy directs to be decided by arbitration." We must again admonish counsel for Erie for her blatant failure to comply with Pa.R.A.P. 1925(b):

(b) Direction to file statement of matters complained of. If the lower court is uncertain as to the basis for the appeal, the lower court may by order direct the appellant forthwith to file of record in the lower court and serve on

the trial judge a concise statement of matters complained of on the appeal. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

On August 23, 1988, the trial court ordered Erie to file a Rule 1925(b) statement within the ten days. Erie's Statement of Matters Complained of on Appeal was as follows:

Did the trial court err in granting the appellees' motion for judgment on the pleadings, and directing the parties to proceed to arbitration?

This vague and cryptic statement utterly fails to comply with Rule 1925(b). The trial court, noting that Erie complains of error for "some unidentified reason", nevertheless filed a supplemental opinion on October 3, 1988, stating:

... we note that our inquiry is limited to the question of whether an agreement to arbitrate was entered into and whether the dispute involved comes within the ambit of the arbitration provision; *Rocca v. Pennsylvania General Ins. Co.*, 358 Pa.Super. 67[,] 516 A.2d 722 [772] (1986). Here, Defendant does not deny the allegation in the Petition that the parties agreed to arbitrate the question of Plaintiff's right to recover damages under the policy at issue. Defendant merely challenges Plaintiff's right to recover.

Op. of Trial Court, October 3, 1988, at 2.

We strongly disapprove of Erie's failure to abide by the trial court's direction to file a statement of matters complained of on appeal. Although there is considerable merit to the argument that we should elect to employ our discretion under Rule 1925(b) and find that Erie has waived all of its objections to the trial court's order, we will not do so. Erie's failure to comply with Rule 1925(b) in a meaningful manner has not interfered with our ability to exercise effective appellate review. *Cf. Ryan v. Johnson*, 369 Pa. Super. 377, 535 A.2d 207 (1987). We find the trial court's

order to be based on clear precedent, and thus, we are not left to speculate as to the trial court's reasoning.[3]

■ In *Gaslin, Inc. v. L.G.C. Exports, Inc.*, 334 Pa.Super. 132, 482 A.2d 1117 (1984), this Court recognized the following:

.... Whether an agreement to arbitrate was entered into and whether the dispute falls within the scope of an arbitration provision have traditionally been questions for the court to determine.... Therefore, although the arbitrator is the final judge of law and fact, his power has not been extended to the degree that he may determine his own jurisdiction, that is, whether the arbitration tribunal has the requisite power to hear the particular case brought before it. Whether a party consented to arbitrate a dispute in the first instance is a jurisdictional question that must be decided by a court.

*Id.*, 334 Pa.Superior Ct. at 139–140, 482 A.2d at 1121 (citations omitted). There is no question in the present case that Erie agreed to arbitrate disputes concerning its obligation to pay a claimant uninsured motorist benefits. The dispute between Erie and the appellees thus fits squarely within the subject matter of the arbitration provision.

■ In *Flightways Corp. v. Keystone Helicopter Corp.*, 459 Pa. 660, 331 A.2d 184 (1975), our Supreme Court specifically held that where a party had agreed to arbitrate controversies or claims, this agreement "cannot be circumvented by an allegation that the contract was void *ab initio* because of fraud in the inducement or mutual mistake." *Id.*, 459 Pa. at 662, 331 A.2d at 185. The Supreme Court stated " 'that a general attack on a contract for fraud is to be decided under the applicable arbitration provision as a severable part of the contract and that only where the claim of fraud in the inducement goes specifically to the arbitration provision itself should it be adjudicated by the court

**3.** The order which is the subject of this appeal, namely, the order compelling arbitration, is a final order. *See Board of Education v. Philadelphia Federation of Teachers Local, No. 3*, 464 Pa. 92, 346 A.2d 35 (1975).

rather than the arbitrator....'" *Id.*, 459 Pa. at 663, 331 A.2d at 186 (citations omitted). We find that *Flightways* controls the case at bar. Erie must present its claim of fraud or misrepresentation to the arbitrators. Likewise, Erie must also present its claim that uninsured motorist benefits may not be recovered because Rose Marie Anderson was not "occupying" the insured vehicle at the time that she was struck by the uninsured motorist. Again, this is a claim which falls within the subject matter of the arbitration clause: the scope of Erie's liability to provide uninsured motorist benefits.

The *Flightways* precedent has been consistently followed in subsequent cases analogous to the case at bar. In *Allentown Supply Corp. v. Hamburg Municipal Authority*, 463 Pa. 167, 344 A.2d 477 (1975), the Supply Corporation had agreed to perform mechanical and plumbing work in connection with the improvement of a sewage plant. All disputes were to be resolved through arbitration. When a dispute arose concerning whether the Supply Company was to supply and install an aerated grit chamber, the Supreme Court agreed with the trial court's conclusion that this dispute had to be submitted to arbitration:

> Whether appellant is or is not obligated to furnish grit removal equipment is obviously a question of the nature and scope of its responsibilities under the contract, the resolution of which requires interpretation of the language of the contract. This is so whether the pertinent contract language is clear and precise or is obscure and ambiguous. The possibility that the meaning of the contract is as pellucid as appellant claims it to be does not eliminate the need for an authoritative determination of the matter once a dispute has arisen; interpretation is no less interpretation because it may prove simple. Under the arbitration clause here involved, however, that interpretation is for the board of arbitrators, not the courts.

*Id.*, 463 Pa. at 170, 344 A.2d at 478 (footnote omitted).

In *Kardon v. Portare*, 466 Pa. 306, 353 A.2d 368 (1976), the Supreme Court considered an arbitration provision

which provided that disputes concerning the forfeiture of trust rights would be resolved through arbitration. The *Kardon* Court, citing *Flightways*, noted that the arbitration provision was not limited through any of its express terms and, thus, the Court determined that whether the discharged employee had filed a timely demand for arbitration pursuant to the procedural requirements of the agreement was a matter to be determined by the arbitration panel. *See also Muhlenberg Township School D.A. v. Pennsylvania Fortunato Construction Company*, 460 Pa. 260, 333 A.2d 184 (1975) (question of whether contractor's demand for arbitration under contract with the school district was timely was one of interpretation of the contract and not one of existence or scope of arbitration provision).

More recently, in *Rocca v. Pennsylvania General Insurance Company*, 358 Pa.Super. 67, 516 A.2d 772 (1986), the issue addressed by this Court was whether a claimant can compel an insurer to arbitrate a claim for benefits, in accordance with the terms of the policy, if the policy requirement of exhaustion of remedies has not first been sought. In *Rocca*, we opined:

> The arbitrators can always set-off the amounts received by the appellant when, and if, an award is made. The arbitrators may decide that the conditions precedent under the policy have not been satisfied, and thus abate the right to obtain damages until the contractual sine qua non has been met. However, it is for the arbitrators, and not the court, to decide whether the procedural requisites have or have not been satisfied.

> As always, the arbitration agreement controls the scope of authority wielded by the arbitrators. Here, the agreement does not specify that the arbitrators shall have no jurisdiction over procedural matters dealing with the abeyance of damage disputes, and we will not impose such a limitation where none exists in the agreement. See *Kardon v. Portare*, 466 Pa. 306, 353 A.2d 368 (1976).

*Id.*, 358 Pa.Superior Ct. at 73, 516 A.2d at 775. *See also Snyder v. Nationwide Mutual Insurance Co.*, 373 Pa.Su-

per. 294, 541 A.2d 19 (1988) (arbitration provision encompasses not only a determination of the amount of damages but also the initial decision as the whether claimant is entitled to recover underinsurance benefits at all; insureds' petition to compel arbitration under underinsured motorist provision was not premature even though insureds had pending action against the other driver); *Nagle v. Allstate Insurance Co.*, 358 Pa.Super. 82, 516 A.2d 1191 (1986) (despite the claimant's apparent inability to recover uninsured motorist benefits due to claimant's admitted settlement without the consent of the uninsured motorist insurer, the matter must proceed to arbitration pursuant to the claimant's request).

For all of the foregoing reasons, the order of the trial court is affirmed.

Order affirmed.