## Scherer v. Old Guard Mutual Insurance Company

*David B. Lingenfelter,* for plaintiff.
*James R. Schadel,* for defendant.

GRIMES, *J.,* August 29, 1989 — Defendant, Old Guard Mutual Insurance Company, opposes the plaintiff's application to compel arbitration for underinsurance benefits.

Plaintiff, Virginia Scherer, was a passenger in a car owned and operated by Wanda Washko when the vehicle was involved in a one-car accident on January 2, 1987. As a result of the accident, Scherer suffered personal injuries. The Washko vehicle was insured by State Farm Insurance Company and it paid the policy limits of $15,000 to Scherer in exchange for a general release.

In addition to seeking recovery from State Farm for liability coverage, Scherer sought underinsurance benefits from her automobile insurance carrier, Old Guard. Old Guard denied Scherer's claim for underinsured motorist coverage based on the following language contained in a policy endorsement:

"If there is other applicable similar insurance available under more than one policy or provision of coverage:

"(1) The following priorities of recovery apply:

"First, the uninsured/underinsured motorist coverage applicable to the vehicle the covered person was occupying at the time of the accident.

"Second, the policy affording uninsured/underinsured motorist coverage to the covered person as a named insured or family member."

Old Guard alleges that this language requires Scherer to obtain underinsurance benefits from the driver's insurer first, and presumably after recovery, but only thereafter, can Scherer look to Old Guard, her own insurer, for underinsurance benefits.

On April 4, 1989, Scherer filed an application to compel arbitration in the Court of Common Pleas of Allegheny County, Pennsylvania. The case was later transferred[1] to this court and argument was set for July 20, 1989. Prior to the commencement of argument, Old Guard served its brief on Scherer's counsel,[2] who, in turn, filed a reply brief a few days later.[3]

At the outset, it must be decided whether this dispute is initially subject to arbitration rather than judicial determination.

1. 42 Pa.C.S. §7319.

2. All counsel, not just those in this case, are reminded of our local practice regarding argument court. The brief of the moving party is due 10 days prior to the date of argument. The responding party's brief is due five days prior to the date of argument.

3. Counsel are also reminded that the practice of submitting briefs, memoranda of law, or similar documents to the trial judge prior to being filed with the prothonotary is not advocated. Had this case depended upon filing dates, Old Guard would have problems. Old Guard's brief was presented to the court on July 20, 1989. It was not time-stamped until August 17, 1989. The responsibility of time-stamping filed documents rests with the prothonotary who then forwards the documents to the trial judge. Therefore all documents must be filed with the prothonotary so that they may be time-stamped before being presented to the trial judge.

The Pennsylvania Uniform Arbitration Act sets forth a comprehensive scheme for the resolution of disputes with minimal judicial intervention. 42 Pa.C.S. §7301 et seq. Of particular relevance is section 7304(a) which sets forth the procedure and the issues which must be focused upon in deciding whether the parties must arbitrate their differences:

"On application to a court to compel arbitration made by a party showing an agreement described in section 7303 (relating to validity of agreement to arbitrate) and a showing that an opposing party refused to arbitrate, the court shall order the parties to proceed with arbitration. If the opposing party denies the existence of an agreement to arbitrate, the court shall proceed summarily to determine the issue so raised and shall order the parties to proceed with arbitration if it finds for the moving party. Otherwise, the application shall be denied." 42 Pa.C.S. §7304(a).

The statute mandates examining the validity of the agreement and whether Old Guard has wrongfully refused to arbitrate. Old Guard has not attacked the insurance contract's validity, choosing instead to have this court, and not a panel of arbitrators, decide the issues in this case. Implicit in this course of action is Old Guard's recognition that the agreement is valid. Equally apparent is Old Guard's refusal to arbitrate the underinsured motorist claim of Scherer. Therefore, Scherer's application to compel arbitration has satisfied the statutory requirements.

In anticipation of this holding, Old Guard claims the issues to be resolved in this case fall outside the scope of its arbitration clause and thus should be determined by this court and not by a panel of arbitrators.

It is well established under Pennsylvania law that a party against whom arbitration is sought under an

arbitration agreement has a right to a judicial determination of (1) whether the parties entered into an agreement to arbitrate, and (2) whether the dispute falls under the agreement. *Lincoln University v. Lincoln University Chapter of the Association of University Professors,* 467 Pa. 112, 354 A.2d 576 (1976); *Independence Development Inc. v. American Arbitration,* 460 Pa. 390, 333 A.2d 781 (1975); see also, *Allstate Insurance Co. v. Gammon,* 838 F.2d 73 (3d Cir. 1988). The agreement to arbitrate is to be strictly construed and is not to be extended beyond its terms. *Emmaus Municipal Authority v. Eltz,* 416 Pa. 123, 204 A.2d 926 (1964); *Cumberland-Perry v. Bogar and Bink,* 261 Pa. Super. 350, 396 A.2d 433 (1978); *Allstate Insurance Co., supra.*

The provisions in the Old Guard policy relating to arbitration provide:

"If we and an 'insured' do not agree:

"(1) Whether that person is legally entitled to recover damages from the owner or operator of an 'uninsured motor vehicle' or 'underinsured motor vehicle;' or

"(2) As to the amount of damages:

. . .

"[T]hen the matter may be arbitrated. However, both parties must agree to arbitration."

This provision is essentially the same as the provisions federal courts have interpreted. See *Myers v. State Farm Insurance Co.,* 842 F.2d 705 (3d Cir. 1988); *Little v. USF&G,* no. 88-1320, slip op. (W.D. Pa., December 2, 1988); *Schemberg v. Progressive Casualty Insurance Co.,* no. 89-8904, slip op. (E.D. Pa., March 29, 1989). In each of these cases, the court held that the arbitration provision applied to disagreements concerning fault and

138

amount, but it did not mandate arbitration of disputes over coverage. *Myers, supra,* at 707; *Little, supra,* at 4; *Schemberg, supra,* at 3.

Old Guard, in reliance upon these federal cases, argues that the dispute between it and Scherer is one of coverage and urges this court to adopt the interpretation federal courts have given similar arbitration clauses. The primary issue is not one of coverage but of "entitlement" to certain benefits. Questions, or disputes, concerning entitlement to underinsurance benefits are provided for in the arbitration agreement. Therefore, whether Scherer is entitled to recover both underinsured motorist coverage and liability coverage under the same policy (State Farm) "fits squarely within the subject matter of the arbitration provision." *Anderson v. Erie Insurance Group,* 384 Pa. Super. 387, 558 A.2d 886 (1989).

## ORDER

And now, August 29, 1989, it is ordered that plaintiff's application to compel arbitration is granted.