# Harleysville Mutual Insurance Company
# v. Drake

*Rosemary Petrantoni,* for plaintiff.
*William M. Radcliffe,* for defendants.

CAPUZZI, *J.,* October 4, 1989 — This matter is before the court pursuant to defendant's preliminary objections to plaintiff's complaint for a declaratory judgment on the issue of a decedent's residence in regard to possible benefits under terms of an insurance policy. Defendants contend that such a determination is a matter for arbitration inasmuch as the policy issued by plaintiff Harleysville to defendant Dorothy M. Drake contains a clause providing for arbitration "(A) If [Harleysville] and an 'insured' do not agree: (1) whether that person is legally entitled to recover damages under this Part [C-Uninsured Motorists Coverage]."

It must be noted that judicial inquiry in a case where arbitration is sought pursuant to an agreement is limited to determining whether there was an agreement to arbitrate and whether the current dispute comes within the scope of the arbitration provision. *Rocca v. Pennsylvania General Ins. Co.,* 358 Pa. Super. 67, 70, 516 A.2d 772, 773 (1986),

citing *Flightways Corp. v. Keystone Helicopter Corp.*, 459 Pa. 660, 331 A.2d 184 (1975).

It is uncontested that the policy at issue does contain an agreement to arbitrate. Plaintiff, however, argues that the arbitration clause applies only to an "insured" and that to be an "insured" decedent had to be a "resident" of Mrs. Drake's household at the time of the accident.[*] This issue is remarkably similar to that in the very recent case of *Anderson v. Erie Ins. Group*, 384 Pa. Super. 387, 558 A.2d 886 (1989), wherein a decedent's estate filed claim that was denied by the insurer because the insurer alleged that the decedent was not an "occupant" of the insured vehicle at the time of her death.

In holding that the insurer had to arbitrate its contention that the decedent was not an "occupant" as required by the policy, and hence, not insured under it so as to allow recovery by her estate, the Superior Court found that the determination of the decedent's "occupancy" fell within the scope of that policy's arbitration clause.

Likewise, in the instant case, after careful consideration of the arbitration clause contained within the policy that Harleysville issued to Mrs. Drake, this court has concluded that the determination of whether decedent was a "resident" of Mrs. Drake's household at the time of the accident, and thus an "insured" under terms of the policy, falls within the scope of the arbitration clause because the clause provides for arbitration of disagreements between Harleysville and the "insured" over whether "that person" is legally entitled to recover damages.

---

[*] "Insured" is defined in the policy as "you or any 'family member.'" "Family member" is defined as "a person related to you by blood, marriage or adoption who is a resident of your household."

Defendants' preliminary objections to the request for a declaratory judgment must, therefore, be sustained.

Accordingly, the court enters the following

## ORDER

And now, October 4, 1989, the within preliminary objections are hereby sustained and the complaint dismissed.