THE SCHOOL DISTRICT
OF PHILADELPHIA

v.

LIVINGSTON–ROSENWINKEL, P.C.

v.

HEERY PROGRAM MANAGEMENT, INC., Ang Associates, Furlow Associates, Richard Glaser & Associates, Harry E. Purnell, P.C., David Sonnenthal, Aia Furlow Associates, Appellant.

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 1997.

Decided March 19, 1997.

Paul Cottrell, Wilmington, for appellant.

Cynthia M. Long, Philadelphia, for appellee, Livingston-Rosenwinkel, P.C.

Before McGINLEY and FRIEDMAN, JJ., and JIULIANTE, Senior Judge.

FRIEDMAN, Judge.

Furlow Associates (Furlow) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) striking Furlow's preliminary objections to a Joinder Complaint filed by Livingston-Rosenwinkel, P.C. (L–R).

In September of 1983, the School District of Philadelphia (School District) and L–R, a corporation of licensed professional architects, entered into a written contract under which L–R was to provide architectural services in connection with the construction of Edison Senior High School in Philadelphia. (See R.R. at 23A34A.) L–R thereafter retained Furlow as the mechanical and plumbing engineer for the high school project pursuant to a standard written Architect and Engineer Agreement (Agreement). (R.R. at 37A; 40A–52A.) Article 9, paragraph 9.1, of the Agreement between L–R and Furlow states in relevant part:

All claims, disputes and other matters in question between the parties to this Agreement arising out of or relating to this Agreement or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. No arbitration arising out of or relating to this Agreement shall include, by consolidation, joinder or in any other manner, any additional person not a party to this Agreement except by written consent containing a specific reference to this Agreement and signed by the Architect, the Engineer and any other person sought to be joined.

(R.R. at 47A.)

Construction of the high school was completed in August of 1988. On June 11, 1993, the School District initiated a civil action for breach of contract and negligence by filing a complaint against L–R, seeking to recover damages for alleged deficiencies in the design and contract administration of the high school construction project. (*See* R.R. at 14A–22A.) On March 11, 1995, L–R filed a Joinder Complaint against additional defendants Heery Program Management, Inc., Ang Associates, Furlow Associates, Richard Glaser & Associates, Harry E. Purnell, P.C., and David Sonnenthal, AIA. In the Joinder Complaint, at paragraph 13, L–R alleges that Furlow and the other additional defendants are solely liable to the School District, or jointly liable with L–R to the School District, or liable over to L–R for indemnity or contribution on the School District's cause of action. (R.R. at 36A–38A.)

On February 6, 1996, additional defendant Furlow filed preliminary objections to L–R's Joinder Complaint pursuant to Pa. R.C.P. No. 1028(a)(6),[1] asserting that the Agreement between L–R and Furlow bound the parties to arbitrate any disputes related to that Agreement. Thus, Furlow requested the trial court to strike L–R's Joinder Complaint and order the parties to proceed to arbitration as agreed. (R.R. at 10A–11A.) L–R filed a response and, on March 22, 1996, the trial court issued an order denying Furlow's preliminary objections and directing Furlow to file an answer to L–R's Joinder Complaint within twenty days.

On appeal from the trial court's order,[2] Furlow argues that, based on the nature of the claims made by L–R, the arbitration clause contained in the Agreement between L–R and Furlow must be enforced, thereby precluding L–R from joining Furlow as an additional defendant in the civil action instituted against L–R by the School District. We disagree. Like the trial court, we conclude that the arbitration clause here is not enforceable because the underlying dispute involves entities which were not parties to the Agreement between L–R and Furlow and because enforcement of the arbitration provision would frustrate the public policy interest in efficient dispute resolution.

We recognize that the language of the Agreement's arbitration clause clearly requires arbitration of any disputes *between parties to the Agreement which arise out of or relate to the Agreement or a breach thereof.*[3] We also recognize that the law favors

---

1. This Rule permits a party to any pleading to file preliminary objections based on the pendency of a prior action or agreement for alternative dispute resolution. Pa. R.C.P. No. 1028(a)(6).

2. Our scope of review of a decision by a trial court is limited to a determination of whether the trial court violated constitutional rights, abused its discretion or committed an error of law. *Hazleton Area School District v. Bosak*, 671 A.2d 277 (Pa.Cmwlth.1996). Preliminary objections, the end result of which would be dismissal of a cause of action, should be sustained only in cases that are clear and free from doubt. *Id.* The test is whether it is clear from all of the facts pleaded that the pleader will be unable to prove facts

legally sufficient to establish his or her right to relief. *Id.*

3. We note that the language of the subject arbitration provision also evidences that neither Furlow nor L–R intended it to apply to entities who were not party to the contract. Specifically, the subject provision expressly provides that "[n]o arbitration arising out of or relating to this Agreement shall include, by consolidation, joinder or in any other manner, any additional person not a party to this Agreement except by written consent...." (R. at 47A.) Neither the School District nor the other additional defendants have consented, in writing, to arbitrate this case.

settlement of disputes by arbitration as a means of promoting swift and orderly disposition of claims. *Flightways Corp. v. Keystone Helicopter Corp.*, 459 Pa. 660, 331 A.2d 184 (1975); *Hazleton Area School District v. Bosak*, 671 A.2d 277 (Pa.Cmwlth.1996). Thus, if this case were restricted to a dispute between L–R and Furlow with respect to the interpretation of their Agreement, arbitration certainly would be proper. However, it is evident that the dispute here includes parties other than L–R and Furlow and includes issues that extend beyond interpretation of the Agreement's terms.

■ Here, the underlying controversy arises from a civil action instituted against L–R, one of the parties to the L–R/Furlow Agreement, by the School District, a third party which is not subject to that Agreement or its arbitration provision. As plaintiff, the School District selected the forum in which the matter would be resolved and, in this chosen forum, actions are governed by the Pennsylvania Rules of Civil Procedure. With regard to the right to join additional defendants, Pa. R.C.P. No. 2252 provides in pertinent part:

(a) Except as provided by Rule 1706.1 [dealing with class action suits], any defendant or additional defendant may join as an additional defendant any person, whether or not a party to the action, who may be

(1) solely liable on the plaintiff's cause of action, or

(2) liable over to the joining party on the plaintiff's cause of action, or

(3) jointly or severally liable with the joining party on the plaintiff's cause of action, or

(4) liable to the joining party on any cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

In this case, the School District filed a complaint against L–R for negligent performance of architectural services in connection with the high school construction project. L–R, in its Joinder Complaint, alleges that Furlow, among others, is solely liable to the School District, and/or is jointly liable with

L–R to the School District, or is liable over to L–R for indemnity or contribution on the School District's cause of action. (R.R. at 36A–39A.) Having made such allegations, which clearly fall within listed bases for joinder, L–R has a right, under Pa. R.C.P. No. 2252, to join Furlow as an additional defendant. Because Rule 2252 includes no exception for arbitration that would limit this right, Furlow cannot compel arbitration in place of joinder here.

Moreover, we note that enforcement of an arbitration provision where, as here, the underlying dispute includes parties not subject to the arbitration process, would frustrate rather than foster the objectives of alternate dispute resolution. Requiring L–R to arbitrate its claims against Furlow would force L–R to relitigate the same liability and damages issues in two separate forums, before two different fact-finders; such repetitious litigation would be uneconomical for the court as well as the parties involved. Thus, in this case, arbitration would not promote the swift and orderly resolution of claims; instead, it would engender a protracted, piecemeal disposition of the dispute. Under these circumstances, public policy interests are best served by joinder, which would allow for resolution of the involved disputes at one time with all parties present.

For these reasons, we affirm the trial court's decision.

### ORDER

AND NOW, this 19th day of March, 1997, the order of the Court of Common Pleas of Philadelphia County, dated March 22, 1996, is hereby affirmed.