**Moses Taylor Hospital v. GSGSB**

C.P. of Lackawanna County, no. 96-CV-608.

*Andrew Hailstone,* for plaintiff.
*Harry R. Blackburn,* for defendant GSGSB.
*Emanuel Kapelsohn,* for defendants GSGSB/H and The Hillier Group.

NEALON, *J.,* January 20, 2000—Defendant, GSGSB, has filed preliminary objections asserting a lack of subject matter jurisdiction based upon a contractual provision requiring the parties to submit their disputes to compulsory arbitration. For the reasons set forth below, the preliminary objections will be granted and plaintiff, Moses Taylor Hospital, will be directed to submit its

contract and tort claims filed against defendant, GSGSB, to arbitration.

## I. FACTUAL BACKGROUND

Plaintiff, Moses Taylor Hospital, has instituted three separate lawsuits seeking to recover damages based upon the alleged faulty construction and installation of fiber reinforced concrete panels during a construction project at MTH. In *MTH v. Sordoni Construction,* no. 95-CV-5993 (Lacka. Cty.), MTH has sued the general contractor for the construction project, the manufacturer of the FRC panels, the designer and tester of the panels, and the engineer who reportedly concluded that the panels satisfied the contract specifications. MTH also seeks damages in *MTH v. Reliance Insurance Co.,* no. 97-CV-1087 (Lacka. Cty.), pursuant to a performance bond issued by Reliance Insurance Company and furnished to MTH by Sordoni Construction in accordance with the construction agreement. In the instant litigation, MTH asserts claims against the project architect, GSGSB, and The Hillier Group which purportedly created GSGSB/H as an alter ego to temporarily seize control of GSGSB's assets during a takeover of GSGSB by Hillier.

By memorandum and order dated November 10, 1999, the defendants' preliminary objections in *MTH v. Sordoni* were granted as to the cause of action for breach of professional responsibility, but denied as to the claims for negligence, strict liability and breach of warranty. See *MTH v. Sordoni Construction, supra,* Nealon, J. at pp. 7-14 (Lacka. Cty. November 10, 1999). On November 12, 1999, Reliance Insurance Company's preliminary objections in *MTH v. Reliance Insurance Co.* were likewise granted as to the breach of professional respon-

sibility claim, but denied in all other respects. See *MTH v. Reliance Insurance, supra*, Nealon, J. at pp. 3-4 (Lacka. Cty. November 12, 1999).

In Counts I, II, III and IV of the complaint which has been filed in the above-captioned matter, MTH alleges liability on the part of the project architect, GSGSB, whereas Count V asserts an independent cause of action against GSGSB/H and Hillier as the successor in interest to GSGSB and its liabilities. The claims advanced in this case mirror those which have been asserted in *MTH v. Sordoni Construction*. Specifically, MTH avers that the defendants agreed to "act as architect for MTH with respect to construction of a multi-story west wing addition to the existing hospital" as per the MTH-GSGSB agreement which obligated the architectural defendants to provide services "as expeditiously as is consistent with professional skill and care and the orderly progress of the work." (See plaintiff's complaint, ¶¶5, 16.) As a result of the duties allegedly imposed upon the architectural defendants by virtue of the MTH-GSGSB agreement, MTH has asserted liability based upon negligence, breach of contract, breach of professional responsibility, and breach of warranty. (*Id.,* ¶¶22, 27, 33, 40.)

GSGSB/H and Hillier have filed an answer and new matter denying successor liability, and maintaining that neither party agreed to an assignment of the MTH-GSGSB contract. GSGSB filed the instant preliminary objections alleging that Court of Common Pleas of Lackawanna County lacks subject matter jurisdiction due to an arbitration clause contained in the agreement between MTH and GSGSB. The relevant provisions of that agreement state:

"(7.1) Claims, disputes or other matters in question between the parties to this agreement arising out of or

relating to this agreement or breach thereof shall be subject to and decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect unless the parties mutually agree otherwise.

"(7.2) Demand for arbitration shall be filed in writing with the other party to this agreement and with the American Arbitration Association. A demand for arbitration shall be made within a reasonable time after the claim, dispute or other matter in question has arisen. In no event shall the demand for arbitration be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statutes of limitations.

"(7.3) The foregoing agreement to arbitrate shall be specifically enforceable in accordance with applicable law in any court having jurisdiction thereof." (See plaintiff's complaint, exhibit "A," pp. 6-7.)

Based upon the foregoing arbitration clause, GSGSB seeks dismissal of this litigation or, in the alternative, an order compelling MTH to submit their claims to arbitration. GSGSB/H and Hillier have joined as additional defendants the manufacturer of the FRC panels, the designer/tester of the panels, and the engineering firm, Allen R. Decker L.P.E., and A.R. Decker & Associates, which evaluated the panels, in response to which Decker filed preliminary objections asserting lack of in personam jurisdiction. The parties have filed memoranda of law in support of their respective positions, and following the completion of oral argument on November 22, 1999, this matter was submitted for a decision.

# I. DISCUSSION

## (A) *Standard of Review*

Arbitration is a matter of contract and, as such, it is for the court to determine as a question of law whether an express agreement to arbitrate exists between the parties. *Smith v. Cumberland Group Ltd.,* 451 Pa. Super. 276, 284, 687 A.2d 1167, 1171 (1997); *Emlenton Area Municipal Authority v. Miles,* 378 Pa. Super. 303, 307, 548 A.2d 623, 625 (1988), *alloc. denied,* 522 Pa. 613, 563 A.2d 498 (1989). The threshold question of whether a party has agreed to arbitrate a dispute presents a jurisdictional issue. *Patton v. Hanover Insurance Co.,* 417 Pa. Super. 351, 356, 612 A.2d 517, 520 (1992); *Gaslin Inc. v. L.G.C. Exports Inc.,* 334 Pa. Super. 132, 141, 482 A.2d 1117, 1122 (1984). Subject matter jurisdiction concerns the capacity of a tribunal to adjudicate a particular issue, and without such jurisdiction, the court has no authority to render a judgment. *Bernhard v. Bernhard,* 447 Pa. Super. 118, 124, 668 A.2d 546, 548 (1995); *Rieser v. Glukowsky,* 435 Pa. Super. 530, 535, 646 A.2d 1221, 1223 (1994). When ruling upon preliminary objections raising a lack of subject matter jurisdiction, all well-pleaded facts must be accepted as true, together with reasonable inferences which may be drawn from those facts. *Bailey v. Storlazzi,* 729 A.2d 1206, 1214 n.10 (Pa. Super. 1999).

## (B) *Arbitration Clause*

As a matter of public policy, this Commonwealth strongly favors the disposition or settlement of disputes by way of arbitration. *Smith,* 455 Pa. Super. at 283, 687 A.2d at 1171; *Langston v. National Media Corp.,* 420

Pa. Super. 611, 615-16, 617 A.2d 354, 356 (1992). When one party to an agreement seeks to compel another to proceed with arbitration, judicial inquiry is limited to determining (1) if a valid agreement to arbitrate exists between the parties and, if so, (2) whether the dispute involved is within the scope of the arbitration provision. *Hazleton Area School District v. Bosak,* 671 A.2d 277, 282 (Pa. Commw. 1996); *PBS Coal Inc. v. Hardhat Mining Inc.,* 429 Pa. Super. 372, 376-77, 632 A.2d 903, 905 (1993). "If a valid arbitration agreement exists between the parties and [plaintiff's] claim is within the scope of the agreement, the controversy must be submitted to arbitration. *Smith,* 455 Pa. Super. at 284, 687 A.2d at 1171 (quoting *Messa v. State Farm Insurance Co.,* 433 Pa. Super. 594, 600, 641 A.2d 1167, 1170 (1994)).

GSGSB contends that the plain language of the arbitration provision requires MTH to submit all of its claims against GSGSB to arbitration. MTH counters that the arbitration clause does not evince an intent by the parties to subject all claims to arbitration, particularly those causes of action for negligence, breach of professional responsibility and breach of warranty. Both parties have cited seemingly conflicting decisions of the Superior Court and the Commonwealth Court in support of their respective positions.

It is beyond legitimate dispute that MTH's breach of contract claim must be submitted to arbitration pursuant to section 7.1 of the agreement mandating arbitration of "[c]laims, disputes or other matters in question between the parties to this agreement arising out of or relating to this agreement or breach thereof." In *Ambridge Borough Water Authority v. Columbia,* 458 Pa. 546, 328 A.2d 498 (1974), the Supreme Court of Pennsylvania had occasion to consider the scope of a contractual provision re-

quiring arbitration of "any controversy or claim arising out of or relating to this agreement or the breach thereof." Finding that an equity action seeking to declare the contract null and void was encompassed by the arbitration clause, the court described the provision as containing "the broadest conceivable language from which it must be concluded that the parties intended the scope of the submission to be unlimited" and held that "[w]here, as here, there is an unlimited arbitration clause, any dispute which may arise between the parties concerning the principal contract is to be settled pursuant to its terms." *Ambridge Borough,* 458 Pa. at 551-52, 328 A.2d at 501. Thus, MTH's breach of contract claim is clearly governed by the arbitration mandate in section 7.1.

A more troubling issue is whether the tort claims for negligence, breach of professional responsibility and breach of warranty are controlled by the arbitration provision. In *Bosak, supra,* the Hazleton Area School District sued the architect, Bosak, and the engineer, general contractor and bonding surety for a construction project, and asserted causes of action in negligence against Bosak and others who were not parties to the school district-Bosak agreements which contained an arbitration clause. Reasoning that the tort claims did not fall within the ambit of the arbitration language, the Commonwealth Court concluded:

"The school district in this case has not asserted claims against Bosak concerning the agreements or their breach. Rather, the school district filed a complaint against Bosak in which it specifically alleged tort claims for professional negligence. . . . Neither the 1988 agreement nor the 1989 agreement specifically states that an action in tort for negligence should be arbitrated." *Bosak,* 671 A.2d at 282. (citation omitted)

More than two years later, the Superior Court reached a wholly contrary conclusion in *Shadduck v. Christopher J. Kaclik Inc.,* 713 A.2d 635 (Pa. Super. 1998). In that case, a homeowner brought an action against a builder alleging fraudulent misrepresentation concerning its ability to construct a home in a workmanlike manner, and multiple violations of the Unfair Trade Practices and Consumer Protection Law, based upon deceptive construction practices. The parties had executed a construction contract in which they distinctly agreed to arbitrate "[a]ll claims or disputes . . . arising out of, or relating to, this contract or the breach thereof." *Shadduck,* 713 A.2d at 637. The builder maintained that the arbitration provision "was broadly worded and, by its plain language, contemplated that all disputes, whether styled in tort or contract language, be submitted to arbitration" whereas the owner argued "that the parties' agreement to arbitrate was limited to causes of action sounding in contract." *Id.*

Relying upon the Supreme Court pronouncement in *Ambridge Borough,* the Superior Court held:

"Our interpretation of the arbitration provision . . . convinces us that the parties intended to submit all of their grievances to arbitration, regardless of whether the claims sounded in tort or contract. There is no limiting language of the type that would lead one to believe that only contract claims fall within the purview of the agreement. Indeed, given the agreement's expansive terms, the only reasonable conclusion is that a claim's substance, not its styling, is to control whether the complaining party must proceed to arbitration or may file in the court of common pleas. That is, if the claim arises out of, or relates to, the building contract or the purported breach thereof,

the moving party's sole forum is compulsory arbitration." *Id.* at 637.

In rejecting the owner's contention that the arbitration provision did not govern tort claims for fraudulent misrepresentation and deceptive trade practices, the *Shadduck* court observed "that the same factual averments underlie both owner's tort and breach of contract claims." *Id.* at 638-39. Consequently, the Superior Court reversed the lower court's denial of the builder's preliminary objections asserting lack of jurisdiction, and held "that the parties' agreement mandates that all disputes arising out of the contract or the breach thereof be submitted to compulsory arbitration, without regard to whether the claims sound in tort or contract." *Id.* at 639.

Based upon the foregoing, if the more recent ruling of the Superior Court in *Shadduck* controls, MTH's claims against GSGSB must be submitted to arbitration; conversely, if the Commonwealth Court precedent in *Bosak* governs, MTH's tort claims would not be subject to the arbitration mandate. Since any appeal in this case would fall within the jurisdiction of the Superior Court rather than the Commonwealth Court, see 42 Pa.C.S. §§742, 762, stare decisis would dictate that Superior Court precedent would govern this issue on appeal. See *e.g., Wetzel v. City of Altoona,* 152 Pa. Commw. 309, 315 n.6, 618 A.2d 1219, 1223 n.6 (1992); *County of Armstrong v. W.C.A.B. (Ross and Borough of Kittanning),* 81 Pa. Commw. 474, 478, 473 A.2d 755, 757 (1984).

Furthermore, the reasoning in *Shadduck* is more consistent with the rationale of the Supreme Court in *Ambridge Borough.* The arbitration provision in *Ambridge Borough* governing any "claim arising out of or relating to this agreement or the breach thereof" is virtually identical to, but not quite as expansive as, the

arbitration mandate in the case sub judice and was characterized by the Supreme Court as "the broadest conceivable language from which it must be concluded that the parties intended the scope of the submission to be unlimited." *Ambridge Borough,* 458 Pa. at 551, 328 A.2d at 501. The phrase "[c]laims, disputes or other matters in question between the parties to this agreement arising out of or relating to this agreement or breach thereof," reflects an intent on the part of MTH and GSGSB to submit any questions or disagreements involving the subject matter of the agreement, *i.e.,* the construction project, to arbitration. Not unlike the arbitration clause in *Shadduck,* section 7.1 of the MTH-GSGSB agreement does not contain "limiting language of the type that would lead one to believe that only contract claims fall within the purview of the agreement. *Shadduck,* 713 A.2d at 637. Moreover, the legal duties which serve as the predicate for MTH's tort claims and the factual averments that underlie those claims "aris[e] out of or relat[e] to" the MTH-GSGSB agreement.

Accordingly, MTH's tort and contract claims against GSGSB fall within the scope of the arbitration provision. As such, the Court of Common Pleas of Lackawanna County does not possess jurisdiction over this matter which must be submitted to arbitration. Hence, the preliminary objections filed by GSGSB will be granted and all further proceedings in this case will be stayed pending conclusion of the arbitration.[1]

---

1. Decker's preliminary objections alleging lack of personal jurisdiction will be denied consistent with the earlier ruling in *Moses Taylor Hospital v. Sordoni Construction, supra* at pp. 4-6.

## ORDER

And now, January 20, 2000, upon consideration of the preliminary objections of defendant, GSGSB, and additional defendant, A.R. Decker & Associates and Allen R. Decker L.P.E., and based upon the reasoning set forth in the foregoing memorandum, it is hereby ordered and decreed that:

(1) The preliminary objections of defendant, GSGSB, asserting lack of subject matter jurisdiction are granted;

(2) Plaintiff, Moses Taylor Hospital, and defendant, GSGSB, are directed to submit their disputes to arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association;

(3) All further proceedings in this matter are stayed pending the conclusion of arbitration; and

(4) The additional defendant's preliminary objections asserting a lack of personal jurisdiction are denied consistent with *Moses Taylor Hospital v. Sordoni Construction Service Inc.,* no. 95-CV-5993, Nealon, J., pp. 4-6 (Lacka. Cty. November 10, 1999).