# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Cheltenham Township, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 923 C.D. 2018 |
| | : | ARGUED: June 6, 2019 |
| Montgomery Court Realty Co., L.P. | : | |
| | : | |
| Board of Commissioners of | : | |
| Cheltenham Township | : | |

BEFORE: HONORABLE RENÉE COHN JUBELIRER, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED: August 2, 2019**

Cheltenham Township (Township) appeals from an order of the Court of Common Pleas of Montgomery County (trial court) that overruled the Township's preliminary objections to the complaint filed by Montgomery Court Realty Co., L.P. (Owner) with respect to its building located in the Township at 7803-7805 Montgomery Avenue, Elkins Park, Montgomery County (Property). For the reasons stated below, we (1) vacate the trial court's order with respect to Counts III and IV of the complaint and remand this case for further proceedings; and (2) quash the Township's appeal with respect to Counts I, II, V, and VI.

The pertinent background of this matter is as follows. In January 2017, Owner filed a six-count complaint against the Township for damages to the Property allegedly caused by the Township's storm water management system. The gravamen of the complaint is that the Township's alleged failure to properly design,

construct, maintain, repair and/or replace the storm water management conveyance system rendered Owner's building unstable and uninhabitable. Specifically, Owner alleged that the failure of a two by three foot culvert directly under the floor of its building caused storm water to divert from its intended course to the path of least resistance under the building resulting in the erosion of soil and damage to the building. (Complaint, ¶ 23.)

Notably, the complaint is a hybrid action combining, in a single civil complaint, counts in trespass/negligence and counts asserting claims for a *de facto* taking under the Eminent Domain Code (the Code).[1] Specifically, the counts state: **Count I** (trespass to real estate/negligence; **Count II** (violation of Storm Water Management Act);[2] **Count III** (*de facto* taking); **Count IV** (request that the trial court accept Count IV as a petition for the appointment of a board of viewers pursuant to 26 Pa.C.S. §502); **Count V** (claim for damages pursuant to Section 929(1)(b) and (c) of the Restatement (Second) of Torts for an alleged loss of the use of the Property and the discomfort caused by alleged trespass; and **Count VI** (claim for tortious interference with contractual and business relationships with Owner's tenants).

The Township moved to bifurcate the proceedings, requesting that the trial court separate the *de facto* taking counts (Counts III and IV) and stay disposition of those counts pending resolution of the remaining counts. The trial court denied the Township's motion without prejudice to renew it upon the completion of discovery. In December 2017, the Township filed preliminary objections to the

---

[1] 26 Pa.C.S. §§101-1106.

[2] Act of October 4, 1978, P.L. 864, *as amended*, 32 P.S. §680.1-680.17.

January 2017 complaint. In June 2018, the trial court denied all of the preliminary objections. The Township's appeal to this Court followed.

The joinder of the two types of action in a single complaint has made this litigation somewhat procedurally convoluted. In its opinion pursuant to Pa. R.A.P. 1925, the trial court opined that its denial of preliminary objections was not an appealable order. It reasoned that after discovery, the issue of bifurcation would be decided and a hearing would be held on the eminent domain counts to determine whether a taking had occurred and thus whether to appoint a board of viewers. The trial court made quite clear that, in spite of the denial of preliminary objections, the matter would proceed to a hearing, at which time it would consider and decide the legal and factual issues raised by the Township in support of its contention that no *de facto* taking had occurred. Thus, preliminary objections to the eminent domain counts was premature and their interlocutory dismissal was not immediately appealable. Whether as a result of the trial court's reasoning or otherwise, Owner moved to quash the Township's appeal.

In November 2008, this Court denied the motion to quash as to Counts III and IV, the claims under the Code. *Cheltenham Twp. v. Montgomery Court Realty Co., L.P.*, (Pa. Cmwlth., No. 923 C.D. 2018, filed November 19, 2018). In our opinion, we did not address the Township's appeal of the denial of preliminary objections with respect to Counts I, II, V, and VI, and there can be no dispute that appeal of those counts was not a permitted interlocutory appeal. In the absence of specific exceptions not relevant here, the rule applicable to civil actions is that an appeal may be taken as of right only from a final order of a trial court. Pa. R.A.P. 341. In addition, the denial of preliminary objections, ordinarily, is an interlocutory

order not subject to immediate appeal. *Hazleton Area Sch. Dist. v. Bosak*, 671 A.2d 277, 281 (Pa. Cmwlth. 1996).[3]

However, with respect to the eminent domain counts, we observed that Pa. R.A.P. 311(e) specifically provides that an appeal may be taken as of right from an order overruling preliminary objections to a petition for appointment of a board of viewers. Moreover, Pa. R.A.P. 311(g)(1)(iii) provides that the failure to file an appeal from an interlocutory order under Rule 311(e) shall constitute a waiver of all objections to such order. *See also McMaster v. Twp. of Bensalem*, 161 A.3d 1031, 1035 (Pa. Cmwlth.), *appeal denied*, 172 A.3d 585 (Pa. 2017) (the failure to appeal from an order overruling preliminary objections to a petition for appointment of a board of viewers results in a waiver of the right to challenge the ruling in a subject appeal from a determination on the merits.). Therefore, while the trial court's analysis was imminently logical, the explicit language of Rule 311 made it impossible for this Court to preempt the interlocutory appeal.[4]

---

[3] Although the Court's opinion made clear that the denial applied only to Counts III and IV, the Order simply denied the motion outright. We will amend that order here, as the remaining counts are not properly before us.

[4] Upon further review, we note that, relevant to the present case, Pa. R.A.P. 311(e) refers only to denial of preliminary objections to a "petition for appointment of a board of viewers." It does not mention appeal from a claim asserting that there has been a *de facto* taking. Presumably, this is because these are not independent claims. The Code provides:

> An owner of a property interest who asserts that the owner's property interest has been condemned without the filing of a declaration of taking may file a petition for the appointment of viewers substantially in the form provided for in subsection (a) setting forth the factual basis of the petition.

26 Pa.C.S. §502(c)(1). In other words, a petition for appointment of a board of viewers is the procedural mechanism for asserting a *de facto* taking under the Code. Thus, Counts III and IV are essentially duplicative, so even if our single-judge ruling technically should have allowed interlocutory appeal only as to the count seeking appointment of viewers—Count IV—the allowance of appeal as to Count III is of no moment.

We now turn to the only issue ripe for our disposition: whether the trial court erred in overruling the preliminary objections as to Counts III and IV without holding a hearing or otherwise taking evidence in accordance with the Eminent Domain Code. Section 502(c)(1)-(3) of the Code provides:

> (1) An owner of a property interest who asserts that the owner's property interest has been condemned without the filing of a declaration of taking may file a petition for the appointment of a board of viewers substantially in the form provided for in subsection (a) setting forth the factual basis of the petition.

> (2) The court shall determine whether a condemnation has occurred, and if the court determines that a condemnation has occurred, the court shall determine the condemnation date and the extent and nature of any property interest condemned.

> (3) The court shall enter an order specifying any property interest which has been condemned and the date of the condemnation.

At this point, viewers are appointed and the parties are in the same position as though a (*de jure*) declaration of taking had been filed by the governmental entity and the condemnee had obtained the appointment of viewers under Section 504(a)(1).[5] Thereafter, "[a]ny objection to the appointment of viewers may be raised by preliminary objections filed within 30 days after receipt of notice of the appointment of viewers." 26 Pa.C.S. §504(d)(1). Such preliminary objections[6] "serve a broad purpose and are intended to expeditiously resolve

---

[5] "Upon the filing of a petition for the appointment of viewers, the court, unless preliminary objections to the validity of the condemnation or jurisdiction warranting delay are pending, shall promptly appoint three viewers who shall view the premises, hold hearings and file a report." 26 Pa.C.S. §504(a)(1).

[6] Preliminary objections in inverse condemnation proceedings should be of the same scope and serve the same purpose as those filed with respect to formal declarations of taking. *Jacobs v. Nether Providence Twp.*, 297 A.2d 550, 553 (Pa. Cmwlth. 1972).

threshold legal issues." *Hill v. City of Bethlehem*, 909 A.2d 439, 442 n.8 (Pa. Cmwlth. 2006). Moreover, "preliminary objections in the context of proceedings under the [Eminent Domain] Code are distinct from preliminary objections in the context of a proceeding under the Pennsylvania Rules of Civil Procedure." *William Schenk & Sons v. Northampton, Bucks Cty., Mun. Auth.*, 97 A.3d 820, 824, (Pa. Cmwlth. 2014). "[I]f an issue of fact is raised, the court shall conduct an evidentiary hearing or order that evidence be taken by deposition or otherwise, but in no event shall evidence be taken by the viewers on this issue." 26 Pa.C.S. §504(d)(5).

Here, however, the trial court treated the preliminary objections as an ordinary demurrer under the civil rules. In support of its decision, the trial court opined:

> In this case, we had no formal "petition filed under section 502(c) (relating to petition for appointment of viewers)" and hence no preliminary objections within the purview of section 504. We had a count in a complaint alleging, alternatively, that destruction [of] [Owner's] building . . . as a *de facto* taking of property and a count requesting appointment of a board of viewers, alternatively, masquerading as a "petition" for such appointment under subsection 502(c) of the Code.
>
> . . . .
>
> When the [trial court] later denied the preliminary objections, it did not thereby…determine that the Township's actions amounted to a *de facto* taking of [Owner's] property or proceed to appointment of a board of viewers. . . .

(Trial Court Op. at p. 14.) Rather, the trial court simply held that:

> [Owner's] request for appointment of a board of viewers was sufficient to survive a demurrer, because the request met the none-too-onerous requirements for a petition for appointment of a board of viewers under the Eminent Domain Code. Moreover, [Owner's] request for

6

appointment of a board of viewers came along with other claims not arising under the Eminent Domain Code that had not yet been bifurcated, and overruling the objections did not have the effect of granting a petition to appoint a board of viewers and foreclosing the Township from contesting that a *de facto* taking had occurred.

(*Id*. at pp. 17-18) (citation omitted).

We agree with the trial court that, viewed as a demurrer under the civil rules, the preliminary objections were properly denied.[7] The problem with treating the objections as such is that, given Rule 311(e), an interlocutory appeal can be taken and thus delay the litigation at a time when not much of anything has been decided.

Section 504(d) of the Code, the only provision dealing with preliminary objections (other than those filed by a property owner to contest the validity of a declaration of taking), does not appear to contemplate objections to a *petition* for appointment of viewers at all. It states only that objection to the *appointment* of viewers may be raised thirty days after notice of such appointment. Section 502(c), dealing with *de facto* condemnation claims, specifies that when a petition for appointment of viewers is made, the trial court shall determine whether a condemnation has occurred. There is no mention in the Code of preliminary objection to such a *petition* and no sound reason for consideration of objections, let alone an interlocutory appeal, before the trial court has held the mandated hearing to determine the contested facts and/or legal issues to determine whether a taking has

---

[7] As noted above, Section 502(c) specifies that the contents of a petition for appointment of a board of viewers in a claimed *de facto* taking shall be that provided in Subsection (a) relating to a *de jure* taking. Because after a declaration of taking has been filed there is no question that a taking has occurred, these requirements are minimal: identification of the parties in interest, their names and addresses, a description of the property, the procedural posture, the date of the declaration and a request for appointment of viewers.

occurred.[8]  Thus, we agree with the trial court's view of Counts III and IV as premature under the scheme of the Code, and we believe a fair reading of the trial court's opinion includes this as one of the many bases for its holding.  Nonetheless, the immediate action on those objections was also premature.  The difficulty created by Rule 311's allowance of an interlocutory appeal could have been avoided if the trial court had simply deferred its ruling on those objections until discovery and the hearing had occurred.

Accordingly, we must agree with the Township that the trial court erred in disposing of the preliminary objections before it held a hearing on the facts and issues raised in the objections and determined whether a taking had occurred.  We will vacate the order overruling the preliminary objections with respect to Counts III and IV and remand for further proceedings consistent with the foregoing opinion. In addition, the Township's appeal as to Counts I, II, V, and VI is quashed.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

Judge Fizzano Cannon did not participate in the decision in this case.

---

[8] In this regard, there is a disconnect between the Code and Rule 311.  We do not believe the drafters of the Rule intended to permit an interlocutory appeal in the current circumstances, but the literal language of the Rule does so.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cheltenham Township,
                    Appellant

v.                                    No. 923 C.D. 2018

Montgomery Court Realty Co., L.P.

Board of Commissioners of
Cheltenham Township

# **O R D E R**

AND NOW, this 2nd day of August, 2019, the order of the Court of Common Pleas of Montgomery County with respect to Counts III and IV of the complaint is VACATED**,** and the case is REMANDED for further proceedings consistent with the foregoing opinion.  The appeal as to Counts I, II, V, and VI is QUASHED, thereby amending this Court's Order of November 19, 2018.

Jurisdiction relinquished.

_____

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge