## Kiesel v. Lehigh Valley Eye Center P.C.

C.P. of Lehigh County, no. 2005-C-475.

*Michael G. Longenhagen,* for plaintiff.
*Lauren K. Goff,* for defendants.

BLACK, *J.,* April 28, 2006—The plaintiff, Robert Kiesel M.D., is an ophthalmologist formerly employed by the corporate defendant, Lehigh Valley Eye Center P.C. (LVEC). The individual defendant, Alan B. Leahey M.D., is an officer of LVEC. Kiesel alleges in a six-count complaint that the defendants have made false and derogatory statements regarding his competence and professional status to his existing and potential patients,

thereby causing him a substantial loss of business. Kiesel seeks to recover damages for this loss on a variety of legal theories, including unjust enrichment (Count I), fraud (Count II), promissory estoppel (Count III), tortious interference with contractual relations (Count IV), tortious interference with prospective business relations (Count V), and civil conspiracy (Count VI).

The defendants have filed preliminary objections to the complaint that are now before the court for disposition. The defendants assert (1) that the plaintiff's claims must be submitted to arbitration pursuant to a provision in the prior employment agreement between Kiesel and LVEC; (2) that the plaintiff's claims are barred by the doctrine of res judicata; (3) that Counts I, II, III, and VI of the complaint are legally insufficient; and (4) that the plaintiff's claim for punitive damages is legally insufficient. For the reasons stated below, we find that the preliminary objections are without merit, except for the objection that Counts I, II, III, and VI are legally insufficient.

## 1. THE ARBITRATION ISSUE

The defendants have annexed to their preliminary objections a copy of the written contract pursuant to which Kiesel was previously employed by LVEC. This contract provides in paragraph 7 that *any controversy* between the contracting parties is to be resolved through arbitration in accordance with the procedures established by the American Arbitration Association.[1] The contract

---

1. Paragraph 7 provides the following:

"Any controversy or disagreement between the parties to this agreement shall be determined by an arbitration in the County of Lehigh in

does not expressly limit the scope of the arbitration clause to disputes arising under or pertaining to the contract.

Kiesel does not deny that he executed the contract or that it contains a provision for arbitration. He questions whether the scope of the arbitration clause is broad enough to cover the claims in his complaint. We need not reach that issue, however, because Leahey, the individual defendant, was not a party to the contract. Therefore, we cannot compel Kiesel to adjudicate his claims against Leahey through arbitration.

Moreover, since Kiesel's claims against LVEC are to a large extent derivative of his claims against Leahey, it would not make sense to force Kiesel to arbitration on his claims against LVEC. Enforcement of the arbitration provision in these circumstances for claims against LVEC would unnecessarily complicate the parties' dispute. They would have to litigate essentially the same claims in two forums—in this court against Leahey and before an arbitrator against LVEC. This would be inconsistent with the fundamental purpose of arbitration, which is to promote the prompt and efficient adjudication of disputes. *School District of Philadelphia v. Livingston-Rosenwinkel P.C.,* 690 A.2d 1321, 1322 (Pa. Commw. 1997); *University Mechanical & Engineering Contractors Inc. v. Insurance Co. of North America,* no. 1554 (C.P. Philadelphia October 28, 2002).

---

accordance with the rules of the American Arbitration Association, and judgment on any award or determination so made be entered in any court having jurisdiction." Preliminary objections of defendants, exhibit B, ¶7.

In the event that Kiesel's claims against Leahey are dismissed at a later date but prior to trial, so that LVEC becomes the sole defendant, we will revisit the issue of arbitration.

## 2. THE DEFENSE OF RES JUDICATA

The defendants contend that the claims asserted by Kiesel in this case were previously adjudicated in an arbitration proceeding between Kiesel and LVEC. In support of their position, the defendants have annexed a copy of an arbitration award dated September 28, 2004, to their preliminary objections as exhibit E.

There are several problems with this objection. First, as the award indicates, Leahey was not a party to the arbitration, so that it could not have any preclusive effect on claims against him. Second, it is not clear from the award whether the claims made by Kiesel against LVEC in the present case were ever adjudicated or asserted in the arbitration.

Furthermore, res judicata is an affirmative defense to be raised in an answer under new matter. Pa.R.C.P. 1030(a). It is not properly raised by preliminary objection except in those rare cases where the plaintiff's complaint itself alleges sufficient facts to establish the defense. In this case Kiesel's complaint[2] does not contain any reference whatsoever to an arbitration. Thus, there is no way one can determine from an examination of Kiesel's complaint that the claims asserted were previously litigated in a prior proceeding. The defendants' res

---

2. The operative pleading is the second amended complaint.

judicata objection is an impermissible "speaking demurrer," and must be rejected at this juncture.

## 3. THE LEGAL SUFFICIENCY OF COUNTS I, II, III, AND VI

The gravamen of Kiesel's complaint is that the defendants have tortiously interfered with his existing and prospective patient relationships. These claims are sufficiently set forth in Counts IV and V of the complaint. The addition of Counts I, II, and III, asserting unjust enrichment, fraud, and promissory estoppel merely clutters up the case without serving any legal purpose.

The facts alleged in the complaint do not support any of these legal theories. First, Kiesel did not voluntarily furnish a benefit to the defendants other than services under his employment agreement with LVEC; hence there is no basis for an unjust enrichment claim. Second, the alleged misrepresentations were made to third parties, not to Kiesel to induce action or inaction on his part; hence they cannot sustain a claim of fraudulent misrepresentation. Third, the complaint does not plead any promises made to Kiesel on which he relied to his detriment, so as to give rise to a claim of promissory estoppel. Consequently, Counts I, II and III are legally insufficient and must all be dismissed.

Lastly, with respect to the claim of a civil conspiracy between LVEC and Leahey in Count VI, it is well-established that a corporation cannot conspire with itself; nor can a corporation conspire with one or more of its agents. *Lackner v. Glosser,* 892 A.2d 21, 35 (Pa. Super. 2006). Therefore, Count VI must also be dismissed as legally insufficient.

## 4. PUNITIVE DAMAGES

The complaint alleges intentional tortious misconduct on the part of the defendants. The misconduct alleged, if it did in fact occur, could be considered sufficiently outrageous to warrant an award of punitive damages. It would be premature to dismiss the punitive damage claim at this time without giving the plaintiff an opportunity to develop a proper record on this issue. Accordingly, the preliminary objection to the claim of punitive damages must be dismissed.

## ORDER

Now, April 28, 2006, upon consideration of the defendants' preliminary objections to the plaintiff's second amended complaint and plaintiff's response to these objections, after review of the parties' briefs and oral argument, and for the reasons set forth in the accompanying memorandum opinion, it is ordered as follows:

(1) The preliminary objection pursuant to Pa.R.C.P. 1028(a)(6) based upon an agreement for alternative dispute resolution is overruled.

(2) The preliminary objection raising the defense of res judicata is overruled.

(3) The preliminary objections in the nature of a demurrer to counts I, II, III and VI are sustained, and these counts are dismissed.

(4) The preliminary objection for failure to state a claim for punitive damages is overruled.

It is further ordered that the defendants shall file an answer to the second amended complaint, excluding the averments in Counts I, II, III, and VI, within 20 days from the date of this order.